KURN et al. v. JONES.

No. 28839.    April 9, 1940.

*101 P. 2d 242.*

for Atchison, Topeka & Santa Fe Railway Company.

GIBSON, J. Plaintiff drove his automobile against defendant's freight car standing on the railroad track at a highway crossing and brought this action to recover for the resulting damages to said automobile. Judgment was for plaintiff, and defendant appeals.

The accident occurred about 10 p. m. Plaintiff was aware of the presence of the freight train. As he approached the crossing he saw a boxcar on each side of the highway and assumed that the train had been cut to permit travel to continue across the railroad, but he failed to notice that the crossing was blocked by a flatcar coupled between the two boxcars aforesaid. He drove his automobile against the side of the flatcar and the damages resulted.

The tracks were elevated above the level of the highway, and in ascending the grade the beams from the headlights of plaintiff's car shone above the flatcar and plaintiff was unable to see the latter until he was within six or seven feet of the same. He approached the tracks at a speed of three to seven miles per hour. It is also shown that the brakes and lights of plaintiff's car were in good repair.

Defendant gave no warning of the presence of the flatcar.

The principal question is whether the foregoing facts constituted sufficient proof of primary negligence on the part of defendant to warrant submission of the issue to the jury.

Plaintiff says that defendant was negligent in not maintaining a flagman or a signal of some kind to warn the public that the crossing was blocked, and that defendant negligently allowed the flatcar to stand across the highway with a boxcar standing on either side so that an automobilist driving up the steep incline approaching the tracks would reasonably believe that the train had been cut between the two boxcars leaving a passageway for the traveling public.

J. W. Jamison, of St. Louis, Mo., and Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for plaintiffs in error.

Bascom Coker, of Idabel, and Newman & Phillips, of Durant, for defendant in error.

Amici Curiae:

M. D. Green, of Oklahoma City, attorney for Oklahoma, for Missouri, Kansas & Texas Railway Company.

W. R. Bleakmore, of Oklahoma City, attorney for Oklahoma, for Frank O. Lowden, James E. Gorman and Joseph B. Fleming, Trustees, Chicago, Rock Island & Pacific Railway Company.

Rainey, Flynn, Green & Anderson, of Oklahoma City, attorneys for Oklahoma,

The majority rule governing cases of this character would charge the defendant with primary negligence if its train employees in the exercise of reasonable care should know that because of the surrounding circumstances the freight cars constituted such an obstruction that people traveling in properly equipped and carefully operated automobiles would be likely to collide with them if warning of some kind was not given. See annotation, 99 A.L.R. 1454. In the case of St. Louis-San Francisco Ry. Co. v. Guthrie (Ala.) 114 So. 215, the rule is stated as follows:

"To charge railroad with negligence in leaving train at night across highway without lights or other signals to disclose its presence, motorist injured must show that trainmen, exercising reasonable care, should know that, because of darkness, cars were such obstruction that people traveling in automobiles properly equipped with lights and carefully operated at reasonable rate of speed would be likely to come into collision with them."

The burden in such case is upon plaintiff to establish a set of circumstances that would warrant the jury's consideration of the question of reasonable care on the part of the trainmen. If the court is of the opinion that reasonable men might differ as to whether the trainmen in the exercise of reasonable care might have anticipated the accident, then the jury should be allowed to decide the questions of primary negligence and of proximate cause.

The above rule applies only in those jurisdictions where statutes regulate neither the railroad nor the motorist in such cases. In the instant case the defendant was within its legal rights in blocking the highway with the freight car. The presence of the train standing on the track did not constitute negligence. The Guthrie Case, above, recognizes that rule. We have no statute defining the duties of the railroad company in cases of this character. But a party in the exercise of a legal right may be held liable for injuries resulting therefrom to others if in the performance thereof he might have reasonably foreseen or anticipated the injury and failed to exercise reasonable care in warning the injured party of the existing dangers. If on the evidence reasonable men might differ as to the degree of care required under the circumstances, the jury must say whether the defendant was negligent in this respect. Martin v. McLain, 184 Okla. 418, 87 P. 2d 1075.

But we have a statute governing a motorist's duties while driving on a highway. Section 14, ch. 113, S. L. 1933, 47 Okla. Stat. Ann. § 92. It should be considered and applied to the question of primary negligence in cases of this character, not merely as an element of contributory negligence in its violation by the motorist, but as a circumstance in the state of facts from which to determine the question of the degree of care and caution demanded of the trainmen with reference to warning the traveling public of the presence of the freight cars. The material portion of the section reads as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

And this court has held that the driver of an automobile traveling by night must keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision. Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312.

Now, in view of the above statute and rule of law, was the evidence on the question of foreseeable accident and due care on the part of the trainmen sufficient to warrant submission of the issue of primary negligence to the jury? We say it was not.

Plaintiff knew the railroad tracks were immediately ahead of him; he knew

that a boxcar partially blocked the highway. He admits he could not see the flatcar and that he proceeded to drive his car directly into it. The railroad company was exercising a legal right in blocking the crossing, and the law makes no distinction between boxcars and flatcars in this respect. Plaintiff had no legal right to presume that the track was clear. The very knowledge of the presence of a railroad track is sufficient notice that a train may be blocking the crossing, and under the law the motorist must drive in such a manner that he may be able to stop short of a collision with a railroad car that may be standing on the track. But instead of making certain that the track was clear, the plaintiff in this case drove slowly but blindly across and into the freight car. The trainmen in such case are not required to take extra precaution to warn the motorist; they are not required to anticipate or foresee that a motorist will disregard the duties the law places upon him. By the plaintiff's own evidence it is shown that he drove blindly into an obstruction which was legally upon the highway.

The relative position of the parties in the instant case is not unlike that of the drivers of two automobiles traveling along the highway in the same direction. Where the one ahead is driving in accordance with his legal rights, the rear driver must have his car under such control as will avoid injuring the car ahead. Smith v. Clark, 125 Okla. 18, 256 P. 36. There it was held that "a driver of an automobile on a public road, upon approaching another automobile from the rear, must look out for the man ahead, and must have his machine well in hand to avoid injuring the car ahead, so long as the man ahead is driving in accordance with his rights." Here the defendant was acting in accordance with its rights, and plaintiff knew the track was there. He had no legal right to assume that the track was clear. He was required to drive in such a manner as to avoid collision with any freight car that might happen to be there. The trainmen were not required to anticipate that he would do otherwise. Without this element there

was no proof of primary negligence sufficient to go to the jury. In support, see Jones v. Atchison, T. & S. F. Ry. Co., 129 Kan. 314, 282 P. 593.

The accident occurred in the city of Durant, and there is some evidence that the crossing was blocked longer than the city ordinance allowed. Plaintiff says that this circumstance was sufficient to charge the defendant with primary negligence. But the evidence fails to show a causal connection between the alleged violation of the ordinance and the injury. This is essential to a case against the defendant.

It is not made to appear that the accident occurred while the ordinance was being violated, but even if it did so occur, we may say here that the time element would not in any manner increase the degree of caution required of the trainmen with reference to warning motorists, nor decrease the duties of the motorist as aforesaid.

The trial court erred in not sustaining defendant's motion for directed verdict. The judgment is therefore reversed.

BAYLESS, C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., dissents. WELCH, V. C. J., and CORN, J., absent.