**HOLT v. THOMPSON.**

No. 2117.

Circuit Court of Appeals, Tenth Circuit.

Nov. 19, 1940.

Lawrence Mills, of Tulsa, Okl. (C. B. Randell, of Sherman, Tex., on the brief), for appellant.

William L. Curtis, of Fort Smith, Ark., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an action by the appellant, Jessie F. Holt, against Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, to recover damages for personal injuries.

At the conclusion of the appellant's evidence, the trial court directed a verdict for appellee and from this judgment appellant appeals.

The evidence developed the following facts: Highway 62 leads from Muskogee, Oklahoma, through the City of Fort Gibson (population 1,200), and is one of the main arteries of travel in Northeastern Oklahoma. Appellee maintains and operates a railroad through the City of Fort Gibson, which intersects Highway 62 at right angles about one block from the center of the City.

Between 12 and 1 A. M., on September 23, 1938, the appellee's train of freight cars had either stopped or was slowly moving across the highway at the point of intersection. The appellant was a passenger in a 1938 Ford V-8 truck, driven by one C. C. Norwood, in which there were two other passengers, all in the front seat. The truck was traveling in a westerly direction, slightly down grade toward the intersection, between 35 and 45 miles per hour. The appellant was sitting on the lap of another passenger, with her back toward the side door. The truck proceeded through the city of Fort Gibson, and to a point of intersection of the railroad and highway, where it crashed into the train of cars, striking between a black coal car and a black tank car. No one in the truck saw the train nor was the speed of the truck slackened on approaching the crossing. The driver testified that he "just looked down the highway and could see the lights all the way through and could not see the train." The driver of the car was familiar with the crossing, having passed over it a good many times.

There was a street light about one hundred feet east of the intersection, which burns all night and was burning at the time of the accident. The street light was 12 to 15 feet above the surface of the ground and between the curb and the sidewalk. There was a standard railroad sign at the crossing and other reflector type signs at the side of the pavement, which indicated the crossing.

As the truck moved toward the intersection it was observed by the night watchman of Fort Gibson, who flashed his light in front of the car to warn of the approaching danger but it did not attract the attention of the occupants of the car. No brakeman or night watchman was employed at the intersection nor was there any crossing bells or warning signals, except as hereinabove stated.

It is the contention of the appellant that the presence of the street light, at the

place described, tended to obscure the vision of the driver of an automobile approaching the railroad crossing at this point because the street light decreased the visibility of one approaching it, especially if the objects on the railroad track are dark so as to prevent or decrease reflection.

The testimony of an illumination engineer tended to support this contention. He testified in substance that light from an automobile when brought in cross rays with a street light of this character would not reflect objects, especially dark objects just beyond the arc of light shed by the street light; that the efficiency of the automobile lights would be impaired until the lights of the automobile were within 12 or 15 feet of the street light, which when translated into distance would mean that the vision of the driver of the truck was not obscured when he was approximately one hundred feet from the track.

The night watchman, also, testified that lights from an automobile will reflect on the cars of a train for almost a block, if one is looking carefully.

The appellant contends that under the prevailing circumstances an unsafe and hazardous condition was created, of which the railroad company should have known, and given warning of its presence and its failure to do so was a breach of ordinary care.

Under the Oklahoma law, the presence of a railroad train, or cars, on a crossing is sufficient notice to the driver of a vehicle on the highway of such obstruction and in the absence of unusual circumstances the railroad company is not under duty to provide any other notice or warning.[1]

The question, therefore, under the facts is whether or not the prevailing circumstances created a peculiar and unusual condition, which imposed a duty on the railroad company to give a warning or signal of the presence of the cars on the railroad track at this time, and place, in order to constitute primary negligence.

It is urged that the facts and law in this case are controlled by the rule announced in the Smith Construction Company v. Brumley case, supra, in which this court adhered to the general rule prevailing in

Oklahoma, but in the Smith Construction Company case the Court was dealing with a crossing whereat it was shown that the light extending down the railroad tracks from the rear of a locomotive engine and reflecting upon a dark car could have created such an unusual or peculiar condition as to take such facts out of the general rule and impose upon the railroad company the duty to give additional warning, and which facts presented a jury question.

The facts in the Smith Construction Company case are clearly distinguishable. There the railroad company maintained the light which reflected across the intersection. The crossing was an abandoned crossing and it was generally known that no trains traveled thereon. The train involved in the accident was a work train, making a casual crossing, and the plaintiff in the suit had knowledge of the abandonment of the track and relied thereon In the instant case the street light was maintained by the city of Fort Gibson, at this point, for the protection and the safety of the public, which included those traveling through the city at night time.

Aside from what was said in the Smith Construction Company v. Brumley case, supra, the facts and law in this case are controlled by the very recent case of Kurn v. Jones, supra [101 P.2d 243], wherein it is stated: "'To charge railroad with negligence in leaving train at night across highway without lights or other signals to disclose its presence, motorist injured must show that trainmen, exercising reasonable care, should know that, *because of darkness*,[2] cars were such obstruction that people traveling in automobiles properly equipped with lights and carefully operated at reasonable rate of speed would be likely to come into collision with them.' The burden in such case is upon plaintiff to establish a set of circumstances that would warrant the jury's consideration of the question of reasonable care on the part of the trainmen. If the court is of the opinion that reasonable men might differ as to whether the trainmen in the exercise of reasonable care might have anticipated the accident, then the jury should be allowed to decide the questions of primary negligence and of proximate cause."

[1] Wm. A. Smith Construction Company v. Brumley, 10 Cir., 88 F.2d 803; Kurn v. Jones, Okl.Sup., 101 P.2d 242; Lowden v. Bowles, Okl.Sup., 105 P.2d 1061; 99 A.L.R. 1455.
[2] (Italics ours).

The railroad company had the legal right to block the crossing in order to permit the passage of its cars over the intersection. The plaintiff had no legal right to presume that the track was clear. The very knowledge of the railroad track is sufficient notice that the train may be blocking the crossing and under the law the motorist must drive in such a manner that he may be able to stop short of a collision with a railroad car that might be standing on the track.[3]

The plaintiff in the Kurn case complained of an unusual condition created by darkness. In the instant case the appellant complains of an unusual condition created by light. The application of the rule is the same.

The Kurn case was followed in the very recent case of Lowden v. Bowles case, supra, decided October 1, 1940. The facts in this case are somewhat similar to the instant case and indeed could have been tried on the theory of the Smith Construction Company v. Brumley case, supra. In the Lowden case the Supreme Court of the state of Oklahoma reversed the judgment of the lower court in favor of the plaintiff, and in that case it is significant to note that the plaintiff complained of an unusual condition created by the light of cars on the opposite side of the crossing which cast the rays of light through and under the standing cars. The court held that such a circumstance was insufficient to create an unusual or deceptive condition to warrant the application of the exception to the general rule.

It is incumbent upon the appellant to show a set of circumstances unusual and peculiar in their nature which could cause the appellee or its employees to anticipate, as reasonable men, that the driver of an automobile, properly equipped with lights and carefully operated, approaching this crossing while it was obstructed by this train would be likely to come into a collision with the train, absent any other warning or lookout.

Reduced to its last analysis, the question is: should appellee or its employees have foreseen, with the exercise of ordinary and reasonable care, that a street light, the permanent improvement of a municipality, located a distance of 100 feet from a railroad crossing, was so situated that it cast its rays of light downward and across the highway at this point so that one driving an automobile through the city at a reasonable rate of speed could not see or detect the presence of a railroad train obstructing the highway at this point.

It is unusual that light under these circumstances would be urged as a deceptive agency in the consideration of the question of negligence. Indeed, it is unusual to allege that the presence of street lights at a railroad crossing would constitute a deceptive condition which, considered in the light of the rule of negligence, would cast upon appellee the duty to foresee and anticipate a hazardous condition. We do not say that such a condition could not exist but we do not think that the presence of this street light, at the point described, created such an unusual, peculiar and deceptive condition that it should have been anticipated by reasonable men in the exercise of ordinary care, so as to impose upon them the duty to warn one driving an automobile, at a reasonable rate of speed in compliance with a law of the state of Oklahoma, of the presence of railroad cars across the intersection.[4]

It is apparent from the facts in this case that the occupants of this truck passed through the city of Fort Gibson late at night without thought or caution of the dangers ahead. The train was across the tracks; they did not know whether it was moving or stopped. They neither looked to the right nor the left. They were not conscious of the danger until it was too late to avoid the impact and although it is not necessary in our view of the facts and the law, to consider whether or not the testimony introduced in behalf of the appellant established contributory negligence, preventing a recovery, the circumstances can be considered in determining the question of the primary negligence of the appellee in the light of all the circumstances and especially when we are

---

[3] Sec. 14, Ch. 113, S.L.1933, 47 Okl.St. Ann., § 92: "any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

[4] Mabray v. Union Pac. R. Co., D.C. Colo., 5 F.Supp. 397.

asked to apply an exception to the rule which would bar recovery.

We conclude that the evidence when considered in its most favorable light fails to show that the appellee was guilty of primary negligence, which would permit the plaintiff to recover in the absence of contributory negligence.

The judgment of the lower court is affirmed.