THOMPSON, Trustee, v. CARTER.

No. 30351.   May 11, 1943.

Rehearing Denied June 8, 1943.

*137 P. 2d 956.*

Thomas B. Pryor and W. L. Curtis, both of Fort Smith, Ark., for plaintiff in error.

Harry G. Davis and Thomas J. Wiley, both of Muskogee, for defendant in error.

OSBORN, J. This action was instituted in the district court of Muskogee county by Edith Carter, hereinafter referred to as plaintiff, against Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, hereinafter referred to as defendant company, wherein plaintiff sought recovery of damages for personal injuries sustained when an automobile in which she was riding collided with a freight train owned and operated by defendant company. The cause was tried to a jury and a verdict was returned in favor of plaintiff. From a judgment on the verdict, defendant has appealed.

The principal question presented is whether or not the evidence discloses primary negligence on the part of defendant.

The record shows that about 10 o'clock p. m., on January 19, 1940, plaintiff accepted an invitation by a young man named Robert Smith and a young woman named Mary Best to drive with them from Tahlequah, Okla., to Muskogee, Okla. The automobile in which they were riding was a coupe and was driven by Smith. They were traveling west along U. S. Highway No. 62 as they entered the town of Ft. Gibson. The railroad track of defendant company intersects said highway within the corporate limits of said town. As the automobile approached the railroad crossing, said crossing was occupied by a freight train; the locomotive and twelve cars of the train had passed over the crossing, and the automobile collided with the thirteenth car of the train. The train was traveling at a speed of about ten or twelve miles an hour. The evidence indicates that the automobile had been traveling at a high rate of speed immediately prior to the time of the collision.

As a result of the collision the driver Smith and Miss Best were killed instantly, and plaintiff received numerous severe injuries and has sustained permanent disability and disfigurement.

It is admitted that defendant maintains the warning sign required by the statute at the crossing involved herein.

Defendant relies upon the rule, recognized by this court, that ordinarily the presence of a train or railroad cars on a crossing, whether moving or stationary, is sufficient notice to a driver of a vehicle on the highway of such obstruction and, in the absence of unusual circumstances, the operating railroad company is not under any duty to provide any other notice or warning. See Lowden v. Bowles, 188 Okla. 35, 105 P. 2d 1061; Kurn v. Jones, 187 Okla. 94, 101 P. 2d 242; Holt v. Thompson

(C.C.A. 10th) 115 F. 2d 1013; Annotations 99 A. L. R. 1454, 56 A. L. R. 1115, 15 A. L. R. 902. Plaintiff takes the position that unusual circumstances are involved in the instant case in that the railroad crossing is unusually dangerous because of its peculiar construction, its location, and other existing circumstances of which the defendant company had notice, and, in view of the unusual circumstances, the question as to whether or not the crossing was unusually dangerous is a question for the jury, since reasonable men might differ as to whether or not the trainmen in the exercise of reasonable care might have anticipated the accident. In this connection the evidence adduced in behalf of the plaintiff discloses that the automobile in which plaintiff was riding was approaching the railroad crossing from the east; that for a long distance preceding said intersection the highway slopes to the west gradually at about 3.4 feet per 100 feet; that there is a slight curve in the highway near a drugstore approximately 300 feet east of the intersection; that from a point about 60 feet east of the track to and across the right of way the pavement of the highway is level; that the town of Ft. Gibson maintains a street light about 100 feet east of the tracks; that there are business buildings on each side of the highway west of the intersection; that by reason of the downgrade or decline of the highway the lights of cars approaching the intersection from the east do not disclose whether a train is on the tracks at the crossing until the approaching car is within about 60 feet of the tracks; that it is particularly difficult to discern comparatively low and dark colored cars; that the automobile collided with the thirteenth car, which was a black coal car; that the lights from the business buildings west of the tracks tend to confuse the driver of a car approaching from the opposite direction; that the visibility of said lights from the business district causes occupants of cars approaching the intersection from the east to think the highway is unobstructed until the level portion of the highway is reached; that all of the foregoing physical conditions have existed for a great number of years; that although many collisions have occurred between vehicles using the highway and trains of the defendant company at this intersection, of which the defendant, at all times, had full knowledge, said defendant has made no change in or additions to the warning signals or devices at the crossing.

A fact situation practically identical with that involved herein was before the federal court in the case of Holt v. Thompson, supra, which involved a collision upon U. S. Highway No. 62 where the same intersected with the railroad of defendant within the corporate limits of Ft. Gibson and where the automobile involved was approaching the intersection from the east. After reciting the facts and referring to the Oklahoma authorities hereinabove cited, the court therein said:

"The railroad company had the legal right to block the crossing in order to permit the passage of its cars over the intersection. The plaintiff had no legal right to presume that the track was clear. The very knowledge of the railroad track is sufficient notice that the train may be blocking the crossing and under the law the motorist must drive in such a manner that he may be able to stop short of a collision with a railroad car that might be standing on the track.

"The plaintiff in the Kurn Case complained of an unusual condition created by darkness. In the instant case the appellant complains of an unusual condition created by light. The application of the rule is the same. . . .

"It is incumbent upon the appellant to show a set of circumstances unusual and peculiar in their nature which could cause the appellee or its employees to anticipate, as reasonable men, that the driver of an automobile, properly equipped with lights and carefully operated, approaching this crossing while it was obstructed by this train would be likely to come into a collision with the train, absent any other warning or lookout.

"Reduced to its last analysis, the question is: Should appellee or its employees have foreseen, with the exercise of ordinary and reasonable care, that a street light, the permanent improvement of a municipality, located a distance of 100 feet from a railroad crossing, was so situated that it cast its rays of light downward and across the highway at this point so that one driving an automobile through the city at a reasonable rate of speed could not see or detect the presence of a railroad train obstructing the highway at this point.

"It is unusual that light under these circumstances would be urged as a deceptive agency in the consideration of the question of negligence. Indeed, it is unusual to allege that the presence of street lights at a railroad crossing would constitute a deceptive condition which, considered in the light of the rule of negligence, would cast upon appellee the duty to foresee and anticipate a hazardous condition. We do not say that such a condition could not exist, but we do not think that the presence of this street light, at the point described, created such an unusual, peculiar and deceptive condition that it should have been anticipated by reasonable men in the exercise of ordinary care, so as to impose upon them the duty to warn one driving an automobile, at a reasonable rate of speed in compliance with a law of the State of Oklahoma, of the presence of railroad cars across the intersection. . . .

"We conclude that the evidence when considered in its most favorable light fails to show that the appellee was guilty of primary negligence, which would permit the plaintiff to recover in the absence of contributory negligence."

In the case of Kurn v. Jones, supra, it was pointed out that certain duties are enjoined upon the driver of a motor vehicle by the provisions of 47 O. S. 1941 § 92; that it is required that such vehicle be operated at a careful and prudent speed not greater nor less than reasonable and proper, having due regard to existing conditions, and that "no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to stop within the assured clear distance ahead." It was held that trainmen are not required to anticipate or foresee that a motorist will disregard the duties the law places upon him.

Examination of the record in the light of the applicable rules of law impels the conclusion that there was an entire failure of evidence to sustain the finding of the jury with reference to primary negligence.

Having taken this view of the matter, it is unnecessary to consider the various other propositions presented in the briefs.

The judgment is reversed and the cause remanded, with directions to dismiss the same.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur. DAVISON and ARNOLD, JJ., dissent.

———

ARNOLD, J. (dissenting). The majority opinion recognizes the rule which I think is applicable under the facts and circumstances disclosed by the record in this case, which is, where a railway crossing is unusually dangerous because of its peculiar construction or situation, excessive amount of traffic, and other existing circumstances of long standing or of which the company has notice, it is the duty of the railway company to exercise such care and take such precaution as common prudence would dictate and would be reasonable, taking into consideration the nature of the crossing and all other prevailing circumstances; whether or not a given crossing is unusually dangerous is a question for the jury unless only one conclusion could be drawn by reasonable men from the evidence relative thereto. See St. Louis-San Francisco Ry. Co. v. Prince, 145 Okla. 194, 291 P. 973, 71 A. L. R. 357; Chicago, R. I. & P. Ry. Co. et al. v. Richerson, 185 Okla. 560, 94 P. 2d 934.

Under the evidence adduced at the trial, fairly detailed in the majority opinion, I think reasonable men might

have concluded that the crossing in question was extraordinarily and peculiarly dangerous, requiring additional warning devices. The case was tried and submitted on this theory, and the jury unanimously found for the plaintiff.

The case of Holt v. Thompson, 115 F. 2d 1013, quoted from extensively by the majority, is of little help here though the case involved a collision at the same crossing. According to the author of that opinion, Judge Murrah, the contention made therein was

". . . that the presence of the street light, at the place described, tended to obscure the vision of the driver of an automobile approaching the railroad crossing at this point because the street light decreased the visibility of one approaching it, especially if the objects on the railroad track are dark so as to prevent or decrease reflection."

Evidently, the many other facts and circumstances disclosed by the record in the case at bar were not present therein.

I dissent.