FLEMING et al. v. LOCH.

No. 33112. July 9, 1948.

*195 P. 2d 942.*

James E. Grigsby and Robert E. Lee, both of Oklahoma City, for plaintiffs in error.

John M. Lawrence and Ross N. Lillard, Jr., both of Oklahoma City, for defendant in error.

DAVISON, V.C.J. Plaintiff seeks by this action to recover for personal injuries and damage to his automobile resulting from a collision with one of defendant's freight trains at a grade crossing in Oklahoma City. The parties will be referred to as they appeared in the trial court.

Between 3:00 and 4:00 o'clock on the morning of December 22, 1944, plaintiff was driving his Willys sedan westward on Twenty-Third street in Oklahoma City, returning to his home from a visit with his daughter-in-law. Near its intersection with Grand Boulevard, Twenty-Third street was crossed by a north and south line of defendant's railway, at a grade crossing. Both east and west of the crossing the street is practically on a level with the tracks for several blocks. Plaintiff lived some 15 blocks northwest of this intersection and had driven across it many times. As plaintiff approached the crossing from the east, traveling approximately 20 to 25 miles per hour, one of defendant's trains, consisting of a Diesel engine and 17 box cars, was across the street, moving south, approximately four to seven miles per hour. Plaintiff's automobile collided with the tenth or eleventh car of the train some 450 or 500 feet behind the engine. Plaintiff suffered physical injuries and his automobile was practically demolished. A jury trial resulted in a verdict for plaintiff in the amount of $1,400, from the judgment upon which this appeal has been perfected.

Although several questions are presented and argued, they can all be discussed and determined under the general proposition of the sufficiency of the evidence to establish primary negligence on the part of the defendant as the proximate cause of plaintiff's injuries. The alleged negligence on the part of the defendant consisted of the following items: Failure to have a crossing sign in conformity with the requirements of the statutes and of the Oklahoma City ordinances; failure to maintain a watchman at said crossing; removal of electric light which formerly illuminated the crossing sign; failure to ring bell or sound whistle as required by statute; failure to have lights and employees on rear of train and that immediately north of highway the track was in a cut which partially obstructed plaintiff's vision of train.

. These alleged omissions group themselves into three classifications: First, lack of proper signs notifying motorists of the railroad crossing; second, failure to blow whistle and ring bell some 1,300 feet (80 rods) before reaching crossing as required by 66 O.S. 1941 §126; third, failure to take extra precautions by placing a watchman at this crossing. As to the first, it is difficult to understand how a failure, in this respect, could in any manner have contributed to the collision. The train itself was notice to motorists that the highway was blocked. The construction of the sign as required by statute or by ordinance would have added nothing to the information imparted by the presence of the train. The proximate cause of the collision was plaintiff's inability to stop his car within the assured clear distance ahead as is hereinafter discussed.

Plaintiff complained that the crossing sign was hidden from his view by the cars of the train. In the case of Yardley v. Rutland R. Co., 103 Vt. 182, 153 Atl. 195, the same argument was advanced. That case, the same as the one at bar, involved the sounding of the whistle and the ringing of the bell when the train was approaching the crossing. Therein the Vermont court said:

"The fact that the train hid the warning sign from Yardley's view is immaterial, since the train itself was notice of its presence on the crossing.

"It is argued that the trainmen might have sounded the whistle or rung the bell on the locomotive that stood five to six hundred feet north of the crossing. They might have done the same thing in the Gallagher case until the train had cleared the crossing. The trouble is the plaintiffs fail to recognize the fact that, if a train is lawfully on a crossing, it makes no difference whether it is moving or standing still; and that in either case the train itself is a warning of danger which the railroad may assume the traveler will approach with . . . caution."

At the time of the collision in the present case, the locomotive was some 500 feet beyond the crossing. Had the bell been rung and the whistle sounded 1,300 feet before the train reached the crossing, plaintiff, who was traveling at a rate of speed some four times greater than that of the train, would have been nearly a mile and a half away. We fail to see how any omission in this respect could have contributed to the accident.

To the same effect as the case above cited are the former opinions of this court, and in addition to the general rule of law, the statutes of this state place upon the motorist the duty of driving "at a careful and prudent speed not greater than, nor less than, is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. . . ." (47 O.S. 1941 §92) The employees in charge of trains can reasonably assume that motorists approaching a crossing will drive in conformity with this statute. The following language is found in the opinion in the case of Kurn et al. v. Jones, 187 Okla. 94, 101 P. 2d 242:

" . . . The very knowledge of the presence of a railroad track is sufficient notice that a train may be blocking the crossing, and under the law the motorist must drive in such a manner that he may be able to stop short of a collision with a railroad car that may be standing on the track. But instead of making certain that the track was clear the plaintiff in this case drove slowly but blindly across and into the freight car. The trainmen in such case are not required to take extra precaution to warn the motorist; they are not required to anticipate or foresee that a motorist will disregard the duties the law places upon him. By the plaintiff's own evidence it is shown that he drove blindly into an obstruction which was legally upon the highway."

Following the rule in the above case is the case of Thompson v. Carter, 192 Okla. 579, 137 P. 2d 956. The rules of law stated in these cases are controlling here. Measured by them, the evidence in the instant case is insufficient to sustain the judgment.

Plaintiff contends that the facts in this case parallel those in the case of Chicago, R. I. & P. Ry. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934, wherein it was held that the question was one of fact upon which the verdict of the jury was conclusive. But the facts in that case were materially different in several respects. Therein, the accident occurred at a point where the highway in effect ran through the switch yard of the defendant, where nine separate tracks crossed the road and where different trains on different tracks were moving at the same time. Also, there was a sharp conflict in the testimony as to what part of the train the plaintiff

struck. A train of 42 cars was being pushed across the crossing and plaintiff testified that just before he reached this particular track the train was pushed across in front of him. Other witnesses testified that he hit about the middle of the train. Thus that case presented a very material controverted question of fact for determination by the jury. A finding thereon would necessarily determine the applicability of the rules of law above discussed.

The judgment is reversed and cause remanded, with instructions to enter judgment for defendant.

HURST, C.J., and WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.