RALEY v. THOMPSON et al.

No. 33898.   Oct. 24, 1950.

Rehearing Denied Dec. 12, 1950.

*225 P. 2d 171.*

Reuel W. Little, of Oklahoma City, and James C. Hamill, of Madill, for plaintiff in error.

Satterfield & Franklin and Harvey L. Harmon, all of Oklahoma City, and Welch & Welch, of Madill, for defendant in error.

JOHNSON, J.  The parties will be referred to hereafter as they appeared in the trial court.

Plaintiff filed his petition in the district court of Marshall county, Oklahoma; the pertinent part thereof being paragraphs two and three which read as follows:

"That on or about the 22nd day of February, 1948, plaintiff was driving his automobile, . . . at about 2:00 a.m. in an easterly direction down the main street of Madill, Oklahoma, and the same collided with a freight train owned and operated by defendant, which train was running in a northerly direction.  As a result of said collision, the automobile of plaintiff was completely demolished; . . . Plaintiff was severely injured. . . .

"At the intersection of Main Street and the railroad tracks of defendant, its right of way is approximately 650 feet wide; there are seven tracks at said point. The railroad bed is on a grade about three feet higher than the road bed on the east and west side thereof. There was and is an unusually large amount of traffic that normally goes over said point of intersection. That practically all the traffic from the west side of Madill, Oklahoma to the east side must pass over said intersection; that the traffic of a road from Madill, Oklahoma to the Cumberland Oil Field intersects with State Highway 199 near said point of intersection. That an unusual and large amount of traffic passes over said point of intersection. In addition thereto, the defendant has and maintains and had at the time of the said collision a large

number of boxcars on the various seven tracks at said point of intersection on the north and south side thereof. That by reason of the foregoing, the crossing was and is unusually dangerous. That it was the duty of the defendant to maintain a flagman or a system of automatic bells or other signals to warn people passing said point of intersection and to warn this plaintiff of an approaching train or that a train was on said track. That when plaintiff was crossing said point of intersection, an automobile was approaching from the east going west and there was a strong light kept and maintained by defendant west of track No. 4 and east of track No. 1. That defendant's freight train was moving on track No. 4 and there was stationed on the various tracks a large number of boxcars that were standing still. The lights from the automobile approaching from the east going west could be seen through and under the boxcars of the moving train and plaintiff could not see and did not see defendant's train until he was within a few feet thereof. That defendant could and should have reasonably anticipated the hazardous situation created at the time of plaintiff's injury. This is because of the grade of approaching street and highway and because of the extremely wide right of way and the seven tracks of railroad, the blinding light between track No. 1 and track No. 4 and approaching automobiles and boxcars standing on other tracks nearby. Defendant did not have a flagman at the point of intersection nor did it have any signals with bells or flashing lights. The only warning was a stationary cross showing there was a railroad ahead. That the train which collided with plaintiff was unusually long and moving slowly and the engine was some 25 cars ahead of the point of intersection when the collision occurred. That the injury to plaintiff and his automobile was proximately caused by the defendant's failure to have at said point of intersection adequate warning signals in view of the extremely hazardous crossing above described. That by reason of the foregoing, the injuries to plaintiff and his automobile were proximately caused by the negligence and want of care of the defendant. Said defendant knew of said condition above set forth for many months and failed, neglected and refused to correct the same. There were no lights or reflectors on the cars of defendant's train where plaintiff collided with same and no warning signal thereon."

To this petition the defendant filed a general demurrer which was sustained, and the plaintiff elected to stand on his petition. The trial court then dismissed plaintiff's cause of action with prejudice, resulting in this appeal.

For the purpose of testing the sufficiency of a petition, a demurrer thereto admits the truth of all facts well pleaded together with all inferences which may be drawn therefrom, and the petition is to be liberally construed in favor of the plaintiff. Crews et al. v. Garber, 188 Okla. 570, 111 P. 2d 1080. But if the plaintiff was not entitled as a matter of law to recover under facts alleged in petition, demurrer thereto was properly sustained. Alfe v. New York Life Ins. Co. et al., 180 Okla. 87, 67 P. 2d 947.

Ordinarily the presence of a train or railway cars on a crossing, whether moving or stationary, is sufficient notice to a driver of a vehicle on the highway of such obstruction, and in the absence of unusual circumstances the operating railway company is not under any duty to provide any other notice or warning. Thompson, Trustee, v. Carter, 192 Okla. 579, 137 P. 2d 956; Kurn v. Jones, 187 Okla. 94, 101 P. 2d 242; Lowden et al. v. Bowles et ux., 188 Okla. 35, 105 P. 2d 1061; Wm. A. Smith Const. Co., Inc., v. Brumley (C. 10th Cir.) 88 Fed. 2d 803; Holt v. Thompson, 115 Fed. 2d 1013; Yardley v. Rutland R. Co., 103 Vt. 182, 153 Atl. 195.

It is correctly asserted by plaintiff that the only question involved in this appeal is whether the petition in this case alleges unusual circumstances which would require the defendant to give warning or notice to plaintiff. We

find no such unusual circumstances alleged, and this is especially so where, as in this case, plaintiff's petition shows that he ran into the side of the 25th car of a moving freight train, which was legally upon the crossing; therefore, the demurrer was properly sustained since, as a matter of law, under such allegations, if proven, there could be no recovery. Kurn et al. v. Jones, supra.

Affirmed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.