Kenneth Dewan ROBERTS,
Plaintiff in Error,

v.

Frank S. BARCLAY, d/b/a Frank Barclay Company and Kenneth E. Beck d/b/a Beck Construction Company, Defendants in Error.

No. 39344.

Supreme Court of Oklahoma.
Feb. 13, 1962.

Finch & Finch, Sapulpa, Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendants in error.

JACKSON, Justice.

In the court below, plaintiff Roberts sued defendants Barclay and Beck, who were sub-contractor and general contractor respectively upon a construction project in Tulsa, for damages resulting from a fall from a scaffold, which occurred in the course of plaintiff's employment with defendant Barclay.

Defendants filed demurrers to the petition which were sustained by the trial court for the reason that the court had no jurisdiction. It was the opinion of the court that the subject matter of this action was within the exclusive purview of the Workmen's Compensation Law of Oklahoma.

Plaintiff appeals, and here argues the single proposition that the court erred in sustaining the demurrers. Plaintiff says that the sole issue before this court is "May a plaintiff who has been *wilfully* injured by his employer bring this common law action or is his remedy within the jurisdiction of the State Industrial Court?"

Since our Workmen's Compensation Law by its terms applies only to disability or death resulting from *accidental* injuries (85 O.S.1951 § 3(7)), it may be conceded that an employee who has been *wilfully* injured by his employer has a common law action for damages. See paragraph 10 of the syllabus in Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938.

Since a demurrer has the effect of testing the sufficiency of the pleading against which it is directed, the real question before this court is whether or not the petition here pleads a cause of action based upon an injury wilfully inflicted by employer upon employee.

The petition alleges that plaintiff was an employee of defendant Barclay, and that on December 18, 1958,

"* * * plaintiff was preparing to paint the corrugated metal covering of the cooling tower which is located above the boiler house at the Hillcrest Medical Center. Plaintiff stood on top of the cooling tower and a scaffold was hoisted up to the top of said tower by two fellow employees. Said scaffold was approximately twenty feet long and supported by two lookout beams approximately eighteen to twenty feet in length. Each lookout beam was held by a five gallon bucket of sand. When the scaffold reached the top of the tower, plaintiff stepped on the east side, tied the ropes off and started walking

along the scaffold toward the west side. As he reached for the ropes on the west side, the rope holding the west end came loose from the lookout beam and the whole west side of the scaffold, ropes, cables, pulleys and scaffolding crashed down in a swinging manner throwing plaintiff some twenty feet to the top of the concrete roof of the boiler house thereby sustaining severe, crippling, disabling and permanent injuries that will be set out in detail hereinafter."

The petition then alleges that plaintiff's damages were "wilfully and knowingly" caused by the negligence of defendants. Seven different allegations of negligence by Barclay are then set out, each one including the phrase "wilfully and knowingly". Five allegations of negligence are leveled at defendant Beck, three of which include the phrase "wilfully and knowingly".

The petition also sets out at length the provisions of 40 O.S.1951 § 174, and refers to 40 O.S.1951 §§ 177 and 178. These sections are known as the "Oklahoma Scaffold Act".

Nowhere in the petition does plaintiff say directly that he was "wilfully injured" by his employer, and nowhere does he state facts giving rise to such an inference.

The liberal use of the phrase "wilfully and knowingly" in the petition added nothing to the facts as alleged in the quoted portion set out above. Such constituted a mere characterization of the acts or omissions of the defendants concerned. The rule regarding such characterizations is set out in 71 C.J.S. Pleading § 19, as follows:

"In general, expressions used to characterize acts or conduct, without support by a statement of the facts, are mere conclusions of law or expressions of opinion."

The statement of facts in the petition does not support the proposition that plaintiff was wilfully injured by his employer.

In Root Grain Co. v. Livengood, 151 Kan. 706, 100 P.2d 714, the Supreme Court of Kansas said with regard to certain descriptive terms:

"At the outset, we must repeat an observation this court is frequently required to make, which is that a liberal use of acerbic adjectives and adverbs does not serve to strengthen the facts alleged to plead a cause of action or defense. * * *"

Under the statement of facts contained in the petition, this is a simple negligence action. Such statement of facts does not support the position that plaintiff must maintain in order to prevail here, namely, that an injury was wilfully inflicted by employer upon employee.

Plaintiff makes an additional argument which, if we understand it correctly, is to the effect that the Oklahoma Workmen's Compensation Law and the Oklahoma Scaffold Act (40 O.S.1951 § 174 et seq.), when construed together, give plaintiff here a common law cause of action.

The Scaffold Act was a part of the Revised Laws of 1910. It makes certain requirements as to the construction and use of scaffolds, hoists, etc., and gives a statutory cause of action against *employers* who violate its terms.

Plaintiff argues to the general effect that the Workmen's Compensation Law, enacted in 1915, did not amend the Scaffold Act or restrict the cause of action concerned in any way. The authority cited consists of some cases from Illinois which plaintiff says support his position.

We cannot agree. The first case cited, Kennerly v. Shell Oil Co., 13 Ill.2d 431, 150 N.E.2d 134, was a "third-party" action against the *owner* of the premises upon which the scaffold was being used. The Illinois Scaffold Act is substantially the same as ours, except that under it the owner as well as the employer is liable. This case is not authority for the proposition that under the Scaffold Act, a cause of action against the *employer* is preserved in spite of the Workmen's Compensation Law.

Plaintiff also cites Pankey v. Hiram Walker and Sons, (D.C.Ill.), 167 F.Supp. 609, but this case is not in point for the same reason.

Plaintiff also cites Schultz v. Henry Ericsson Co., 264 Ill. 156, 106 N.E. 236. This was a damage action based upon the Illinois Scaffold Act. However, the injury concerned occurred in 1909, prior to the enactment of the Illinois Workmen's Compensation Law, and it is therefore of no assistance.

Squarely in point here is another Illinois case, Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railway Co., 13 Ill.2d 460, 150 N.E.2d 141, decided on the same day as the Kennerly case, supra. In that case plaintiff Gannon sued for damages for injuries received when he fell from a scaffold while employed by a general contractor doing some construction work for the railway company. He sued both his employer and the railway company. The employer demurred to the petition and the demurrer was sustained. The Supreme Court of Illinois held that the order sustaining the demurrer was proper, saying that "To the extent that it prohibits an action by an employee against an employer, the Workmen's Compensation Act has amended the Scaffold Act."

The petition herein shows on its face that plaintiff's damages resulted from an accidental personal injury which arose out of, and in the course of, his employment with defendant Barclay. In such case, his exclusive remedy is in proceedings under the Workmen's Compensation Law of this state, 85 O.S.1951 § 1 et seq. It necessarily follows as a matter of law that he has no common law damage action against defendants here.

Where plaintiff was not entitled as a matter of law to recover under the facts alleged in the petition, demurrer thereto was properly sustained. Raley v. Thompson, 203 Okl. 633, 225 P.2d 171.

The record before us shows that after defendants' demurrers to plaintiff's petition were sustained, plaintiff declined to amend and elected to stand upon his original petition. Judgment was then entered for defendants.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.