Donald Lee **KELLER, Individually, and Donald Lee Keller, Father and Next Friend of Virgil Wayne Keller, a Minor, Plaintiff,**

v.

The **ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant.**

No. CIV–81–918–D.

United States District Court, W.D. Oklahoma.

Feb. 3, 1982.

**729**

Tom A. Lucas and Jan Meadows, Norman, Okl., for plaintiff.

James C. Peck, Rodney L. Cook and Jim Atkins, Oklahoma City, Okl., for defendant.

### ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, District Judge.

In this train-motor vehicle crossing accident, the Defendant Railway Company has filed a Motion for Summary Judgment asserting that under the undisputed facts of the collision and the application of the Oklahoma Occupied Crossing Rule, the Defendant is entitled to judgment herein dismissing Plaintiff's action as a matter of law.

In this diversity action Oklahoma law must be applied by the Court. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Oklahoma Occupied Crossing Rule has been announced as the law of Oklahoma in a long series of cases, both from the Oklahoma Supreme Court and our Circuit Court of Appeals. *Davis v. Burlington Northern, Inc.,* 663 F.2d 1028 (10th Cir.1981); *Smoot v. Chicago, Rock Island and Pacific Railroad Co.,* 378 F.2d 879 (10th Cir.1967); *Oklahoma City-Ada-Atoka Railway Co. v. Nickels,* 343 P.2d 1094 (Okl.1959); *Kansas, Oklahoma and Gulf Railway Co. v. Painter,* 333 P.2d 547 (Okl.1958); *Cain v. St. Louis-San Francisco Railroad Company,* 293 P.2d 355 (Okl. 1956); *Raley v. Thompson,* 225 P.2d 171 (Okl.1950); *Fleming v. Loch,* 195 P.2d 942 (Okl.1948); *Thompson v. Carter,* 192 Okl. 579, 137 P.2d 956 (1943); and *Lowden v. Bowles,* 188 Okl. 35, 105 P.2d 1061 (1940).

At the noticed hearing conducted on said Motion, the Plaintiff acknowledged that the collision involved herein was an occupied crossing type collision. Counsel for Plaintiff further acknowledged at said hearing that Plaintiff had no evidence to support a claim of unusual circumstances in connection with this collision as an exception to the Oklahoma Occupied Crossing Rule.

In these circumstances, as there are no disputed fact questions as to this being an occupied crossing collision and Plaintiff having no evidence of unusual circumstances to support the exception to said Rule, the Defendant is entitled to summary judgment dismissing Plaintiff's action against it.