■ Jacqueline Crespi, Respondent, v Richard Ihrig, Defendant, and Air Canada, Ltd., Appellant. — Order of the Supreme Court, New York County (B. Shainswit, J.), entered on September 20, 1982, which denied defendant Air Canada's motion for summary judgment dismissing the complaint as against it, is unanimously reversed, on the law, without costs, and the motion is granted. Plaintiff Jacqueline Crespi brought this action to recover damages for

serious personal injuries she suffered as a result of being assaulted on July 9, 1980, by a coemployee in the offices of Air Canada during working hours. The complaint charges that Air Canada "aided, abetted, and participated in the assault * * * [and] knowingly, maliciously, intentionally and wilfully caused the Plaintiff's injuries". However, plaintiff has adduced no evidence to support these allegations. On the contrary, plaintiff's deposition testimony refers to two instances in which supervisory personnel of Air Canada attempted to encourage plaintiff and defendant Ihrig to resolve their differences amicably. Special Term denied Air Canada's motion for summary judgment, stating that Air Canada's liability at common law could be predicated upon a finding that defendant Ihrig displayed sufficiently bizarre and psychopathic symptoms during his employment to cause Air Canada to be reasonably certain that Ihrig would assault the plaintiff. The standard set forth by Special Term to remove this case from the exclusivity provisions of section 11 and subdivision 6 of section 29 of the Workers' Compensation Law is erroneous. (*Orzechowski v Warner-Lambert Co.,* 92 AD2d 110; see *Finch v Swingly,* 42 AD2d 1035.) It is not enough that an injury is "substantially certain" to occur in order to hold an employer liable at common law for an injury to an employee in the course of employment. Rather the claimant employee must prove an intentional or deliberate act by the employer directed at causing harm to that particular employee. (See *Orzechowski v Warner-Lambert,* 92 AD2d, at p 112, citing *Mylroie v GAF Corp.,* 81 AD2d 994, affd 55 NY2d 893.) Concur — Kupferman, J. P., Sandler, Sullivan and Bloom, JJ.