Jeffrey DePIANO

v.

**MONTREAL BASEBALL CLUB, LTD.; Jamestown Baseball Club; Erie City School District; and Erie Cardinals Baseball Club.**

Civ. A. No. 86–153 ERIE.

United States District Court, W.D. Pennsylvania.

July 8, 1987.

Mark B. Frost, Philadelphia, Pa., William R. Caroselli, Pittsburgh, Pa., for plaintiff.

Joseph L. Luvara, Dickie, McCamey & Chilcote, James H. Norris, Pittsburgh, Pa., and William Brock, Montreal, Quebec Canada, for Montreal Baseball and Jamestown Baseball.

E. Max Weiss, Meadville, Pa., for Erie City School Dist.

T. Warren Jones, Erie, Pa., for Erie Cardinals.

OPINION

GERALD J. WEBER, District Judge.

Jeffrey DePiano chased the dream of a career as a professional baseball player to the Jamestown, N.Y. Expos of the Class A NY-Penn League. On July 2, 1984 he chased that dream and a long fly ball into the left field fence at Ainsworth Field in Erie, Pa., suffering a shoulder injury which he claims ultimately ended his career.

DePiano filed this suit setting forth two distinct claims against two distinct pairs of

defendants. Plaintiff sued the Erie City School District, the owner of Ainsworth Field, and the Erie Cardinals Baseball Club, groundskeeper of the field, alleging negligence in several respects, most notably in the failure to provide a "warning track" in front of the outfield fence. Those parties have now settled with the plaintiff.

Plaintiff also sued his own team, the Jamestown Expos, and its major league parent the Montreal Expos, alleging negligence in their failure to provide timely and adequate medical care for his injury, and for requiring him to continue playing despite his injury. Plaintiff alleges that continued play aggravated his injury and ended his career.

In a previous opinion we concluded that the New York Worker's Compensation statute barred plaintiff's negligence claims against his employers. At plaintiff's request, we granted leave to amend the complaint to plead a claim of intentional injury, an exception to the exclusivity of the New York Compensation Act. Plaintiff filed the amended complaint and discovery has proceeded.

Defendants Jamestown and Montreal have now filed a motion for summary judgment, contending that there is no evidence to support the claim of intentional injury. The parties have submitted briefs and evidentiary materials and the matter is ripe for disposition.

■ The intentional injury exception to the exclusivity of New York's Workers' Compensation Act is very narrow. In *Finch v. Swingly*, 42 A.D.2d 1035, 348 N.Y.S.2d 266 (1973), the New York Supreme Court recited the rule:

Where injury is sustained to an employee due to an intentional tort perpetrated by the employer or at the employer's direction, the Workmen's Compensation Law is not a bar to a common law action for damages. A valid complaint under this theory of recovery must allege an intentional or deliberate act by the employer causing harm to the employee. In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences

of the act. A mere knowledge and appreciation of a risk is not the same as the intent to cause injury. (citations omitted).

In *Crespi v. Ihrig*, 99 A.D.2d 717, 472 N.Y.S.2d 324 (1984), aff'd, 63 N.Y.2d 716, 480 N.Y.S.2d 205, 469 N.E.2d 526 the Court further explained:

It is not enough that an injury is 'substantially certain' to occur in order to hold an employee liable at common law for an injury to an employee in the course of employment. Rather, the claimant employee must prove an intentional or deliberate act by the employer *directed at causing harm to that particular employee.* (citations omitted). (emphasis added)

■ In the present case the only evidence advanced by plaintiff in response to the summary judgment motion goes to the employers' negligence in failing to provide medical treatment and in leaving that decision to an allegedly unqualified person, the team trainer. However, there is nothing in the evidence to indicate that the defendants' intention was to injure plaintiff. Negligence alone, no matter the degree, does not satisfy the intentional injury exception to the compensation bar. Despite full opportunity to advance evidence of intentional injury, plaintiff has succeeded only in establishing a prima facie case of negligence.

Plaintiff insists that defendants knew of the risk of further injury or even that injury was "substantially certain" to occur. As we noted above, such evidence is insufficient. *Crespi*, 99 A.D.2d 717, 472 N.Y. S.2d 324.

Plaintiff also argues that defendants insisted on keeping plaintiff in the lineup despite his injury because the Jamestown team was short of outfielders. If indeed this is true, it disproves rather than supports plaintiff's case because it establishes a motive for defendants' conduct other than an intention to injure plaintiff.

Whatever the truth of his allegations, DePiano's dream has ended sadly. But New York law provides no common law

remedy, only the protection of the Worker's Compensation Act. Summary judgment will be granted in favor of defendants.