Luis Angel RIVERA, Petitioner,

v.

The DISTRICT COURT OF COMANCHE COUNTY, State of Oklahoma, Honorable Jack Brock, District Judge, Respondent.

No. 80514.

Supreme Court of Oklahoma.

April 5, 1993.

Ronald H. Mook, Bryan L. Dupler, Oklahoma Indigent Defense System, Capital Trial Div., Norman, for petitioner.

Fred C. Smith, First Asst. Dist. Atty., Comanche County, Lawton, for respondent.

SIMMS, Justice.

This Application for Extraordinary Relief was referred to this Court by the Court of Criminal Appeals for determination of whether, as held by the trial court, recent legislative enactments repeal the long-standing and well recognized responsibility of the court fund imposed by 22 O.S.1991, §§ 718(B) and 723(C) to pay the cost of attendance of out of state witnesses. The Court of Criminal Appeals anticipated this proceeding might present an area of possible jurisdictional conflict between the two appellate courts and pursuant to art. 7, § 4 of the Oklahoma Constitution, prudently referred the matter to this Court for decision.[1]

Petitioner, Luis Rivera, is charged with murder in the first degree in Comanche County and the State is seeking the death penalty. Seeking to secure the attendance of witnesses from outside the state, petitioner filed his Petition for Certificate of the Court for Attendance of Out of State Witnesses in Criminal Proceedings pursuant to 22 O.S.1991, §§ 718, 721–727, the Uniform Act. Petitioner averred that the witnesses were material and necessary to his defense and that the State of Oklahoma has provided through the Uniform Act the means and manner of commanding persons outside the state to attend and testify with-

---

1. Other similar cases involving the same issues have been referred to this Court by the Court of Criminal Appeals. In Case No. 80,648, Petitioner Pennington also seeks relief against the District Court of Comanche County for similar denial as to out of state witnesses. In case No. 80,690 Petitioner Monson seeks similar relief against the District Court of Custer County. In Case No. 80,687, the same issues are presented by Petitioner Masquat seeking relief from the District Court of Love County's denial of his efforts to obtain payment from that court fund to pay the costs of attendance of his out of *county* witnesses pursuant to 22 O.S.1991, §§ 715, 718. The Court of Criminal Appeals issued stays of the proceedings in each of these cases. These cases are hereby considered as companion cases.

in this state when such persons are material and necessary witnesses in a criminal prosecution. Petitioner requested the district court to certify his list of witnesses as material and necessary to his case and to provide for the appropriate subpoenas compelling their attendance, and prayed that the cost of their attendance be paid from the court fund pursuant to 22 O.S.1991, §§ 718(B) and 723(C), in keeping with the constitutional requirements regarding compulsory attendance. His assertion that the availability of compulsory attendance is guaranteed to criminal defendants by the Oklahoma Constitution, art. II, §§ 6, 7, 9, 20 and the United States Constitution, Amendments 5, 6, 8, and 14, is unchallenged.

The district court denied petitioner's requested relief that the costs of attendance of the out of state witnesses should be paid by the Comanche County Court Fund. The district court's denial was based on its finding that the newly enacted Indigent Defense Act, H.B. 2065, effective July 1, 1992, and particularly § 5 thereof, amending 22 O.S. § 1355.4, conflicts with and repeals the Court Fund's obligation under the Uniform Act to pay for the costs of attendance of out of state witnesses. Petitioner Rivera sought relief from the Court of Criminal Appeals and that court issued a stay of the criminal prosecution and referred the request for extraordinary relief to this Court. After examination of the pleadings and briefs and consideration of the issues, the Court finds that jurisdiction of this action does, as anticipated by the Court of Criminal Appeals, belong in this Court and this Court accepts jurisdiction to determine the underlying issue. Art. 7, § 4, Okl. Const; *State v. Lynch,* 796 P.2d 1150 (Okl. 1990); *Court Fund of Tulsa County v. Cook,* Okl., 557 P.2d 875 (1976).

The Uniform Act, 22 O.S.1991, §§ 721–727, has been the law in Oklahoma since 1949. It provides a comprehensive procedure by which parties to a criminal proceeding may obtain the attendance of out of state witnesses whose testimony has been certified by the proper court to be material. The Uniform Act has been adopted in all 50 states, the District of Columbia, and several territories and it applies to all parties in a criminal proceeding regardless of indigence or non-indigence. Section 723(A) provides any party with a means of obtaining an out of state witness certified by the court as material in the proceeding.

"A. If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, * * * commenced or about to commence, in this state, is a material witness in a prosecution pending in a court of record in this state, * * * a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. Said certificate may include a recommendation that the witness be taken into immediate custody and delivered to an officer of this state to assure his attendance in this state. This certificate shall be presented to a judge of a court of record in the county in which the witness is found."

The requesting court is responsible under 22 O.S.1991, § 723(C) for payment of the expenses for the attendance of out of state witnesses summoned pursuant to the Uniform Act:

"If the witness is summoned to attend and testify in this state he shall be tendered, at the time he is ordered to appear, travel and expenses pursuant to Section 718 of this title for each day he is required to travel and attend as a witness. A judge of a court of record in this state may approve travel and expenses pursuant to Section 718 of this title for witnesses who voluntarily appear and testify in a criminal prosecution or grand jury investigation upon proper affidavit and showing."

Pursuant to 22 O.S.1991 § 718(B) the court fund where the prosecution is pending is *specifically obligated* to pay the cost of attendance of out of state witnesses who appear to testify under subpoena issued pursuant to the Uniform Act.

"A witness who appears from another state to testify in this state in a criminal case or proceeding pursuant to a subpoe-

na issued in accordance with the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings *shall be reimbursed from the court fund of the court where prosecution is pending* for travel and expenses at rates not to exceed those prescribed by law for reimbursement of state employees traveling interstate. Upon conviction, such fees and mileage shall be taxed as costs and collected as other costs in the case." (E.A.)

■ The right to compel the attendance of material witnesses provided by the Uniform Act together with the financial responsibility for their attendance provided by 22 O.S.1991 § 718, are, as urged by petitioner, statutory expressions of the state and federal constitutional rights to compulsory process and a fair hearing.

The district court's finding that the court fund was not responsible for the costs of attendance of petitioner's out of state witnesses in light of the recent passage of the Indigent Defense Act, H.B. 2065, codified at 22 O.S.1991 § 1355, et seq., and that the indigent defense fund created therein should be responsible to pay for those costs is not convincing.

■ The Indigent Defense Act does not modify the provisions of the Uniform Act or repeal them either expressly or by implication. There is no conflict between the two. The new legislative enactment is extensive; it provides comprehensive solutions for the problems of representation of indigents in great detail, together with creating the means to fund the Indigent Defense System, however, this Act and the Uniform Act do not cover the same subject matter. The Indigent Defense Act is specifically limited to the means and method of providing counsel in cases "in which the defendant is indigent and unable to employ counsel." Sec. 1(b) of H.B. 2065, amending 22 O.S. 1991, § 1355(B). There is no provision in the Indigent Defense Act for securing the attendance of out of state witnesses in criminal proceedings. The Uniform Act applies to all parties in a criminal proceeding, and while there may be an over-

lapping area because the Uniform Act undoubtedly will affect some of the people H.B. 2065 was intended to benefit, the Uniform Act is not concerned specifically with indigent persons. The legislative revision of statutory rights of representation of indigent defendants does not conflict with the Uniform Act for the compulsory attendance of out of state witnesses in a criminal case.

Respondent urges that it is § 5 of H.B. 2065, amending 22 O.S.1991, § 1355.4(D) and (E) which removes the obligation of the court fund to pay the cost of petitioner's witnesses and directs those expenses to be paid from the Indigent Defense System budget as follows:

"D. When an attorney has been appointed in accordance with the Indigent Defense Act, in any county, and needs investigative, expert, or other services, a request for compensation for such services shall be made to the Executive Director * * * The Executive Director may authorize compensation at a reasonable hourly rate."

"E. Each individual performing the services provided for in subsection D of this section shall be reimbursed for their necessary travel expenses as provided by the State Travel Reimbursement Act."

Respondent contends that "investigative, expert or other services" will usually require the person performing those "services" to be subpoenaed to give their testimony and that if every part of that Act is to be given effect, "other services" must necessarily include lay witnesses.

■ Petitioner, however, argues convincingly that this section was never intended to apply the situation presented here, where an indigent seeks the attendance of lay witnesses in a criminal case. These witnesses will not be performing investigative, expert, or "other" services within the meaning of § 5 which specifies that the "request for compensation for such services" be made to the Executive Director for approval. Without question the legislature has limited investigative, expert, or "other" services to those entitling the provider to "compensation". A lay witness does not

render such services within the intent of the statute. These provisions of H.B. 2065, are concerned only with situations where persons providing those services are entitled to compensation for same, and they do not in any manner conflict with the provisions of the Uniform Act. In fact, they are compatible with those provisions and must be upheld. We therefore reject the argument that lay witnesses sought by this defendant as out of state witnesses in a criminal case would be providing "other services" within the meaning of the Indigent Defense Act and should therefore have their expenses paid under the Indigent Defense Act as opposed to the Uniform Act.

■ The argument is also advanced that S.B. 665, effective September 1, 1992, amending both 20 O.S.1991, § 1304, and 28 O.S.1991, § 82, which provides that the district attorney's office shall pay the fees and mileage of its own witnesses, is in conflict with the Uniform Act's provisions. They urge this Court to find that because it is the latest expression of "legislative will", S.B. 665 controls over the provisions of the Uniform Act. 28 O.S. § 82 is amended as follows in the text of S.B. 665, section 2:

> "All witnesses on behalf of the state appearing in obedience to a subpoena or order at any stage of a criminal case or proceeding and in any civil case or proceeding brought by the State of Oklahoma directly or on relation of the district attorney, or by the board of county commissioners on behalf of the county shall be paid out of the court fund *from any monies available for the operations of the district attorneys office* in such county the fees and mileage at the rate prescribed by law. Upon conviction, such fees and mileage shall be taxed as costs in the case and collected as other costs in the case."

Petitioner theorizes that it is this legislative amendment of § 82, placing the obligation to pay for the travel of its own witnesses on the district attorney's office, that gave rise to the *idea* that the Indigent Defense System should likewise pay for the witnesses of its clients. Petitioner is also correct, however, that simply because this idea has developed some popularity in district court houses of this state does not make it the law. There is no conflict or inconsistency between the provisions of S.B. 665 and the Uniform Act and, while S.B. 665 is the "latest expression" of legislative will, there is no expression in that enactment of any intention by the legislature to change the responsibility for payment of costs of attendance of out of state lay witnesses from the court fund of the county where prosecution is pending to the Indigent Defense Fund or any other entity. The legislature could have effected such a change but did not.

■ Some reliance is also placed on the amendment to 20 O.S.1991 § 1304 (now 20 O.S.Supp.1993 § 1304) by S.B. 665 § 1 effecting changes as to what constitutes an expense of the court fund. The pertinent text of S.B. 665 follows:

> "Section 1304. (a) *A.* Claims against the court fund shall include only such expenses as may be lawfully incurred for the operation of the court ...
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (b) *B.* The term 'expenses' shall include the following items and none others:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (3)juror *3. Juror* and witness fees and mileage, as well as overnight accommodation and food expense for jurors kept together as set out in Title 28 of the Oklahoma Statutes, Sections *Section* 81 et seq., except that expert witnesses who appear on behalf of the State of Oklahoma shall be paid a reasonable fee for their service from the court fund;
>
> 4. Witness fees and mileage for witnesses subpoenaed by county indigent defenders pursuant to Section 138.1 et seq. of Title 19 of the Oklahoma Statutes, except expert witnesses for county indigent defenders shall be paid a reasonable fee for their services;
>
> \*　　\*　　\*　　\*　　\*　　\*"

Additionally, H.B. 2065 § 21, (now 19 O.S.Supp.1992 § 138.8) provides:

"In counties subject to the provisions of Section 138.1 of Title 19 of the Oklahoma Statutes, expert witness compensation for indigent defense shall be paid by the court fund ..."

Respondent's contention that these enactments show an intent by the legislature to free court funds from their existing financial responsibility is unconvincing. Among other things, respondent fails to acknowledge that S.B. 665 § 1 recognizes the continuing validity of the provisions of 22 O.S.1991 § 718, 721–727 by also setting forth as a proper expense of the court fund:

"(14) any 15. *Any* other expenses now or hereafter expressly authorized by statute."

Respondent argues that if this legislation is interpreted as urged by petitioner, it will fail by reason of absurdity because the Indigent Defense System would be required to pay only for expert witnesses in only some counties while, in respondent's opinion, district attorneys will be required to pay for all their witnesses' expenses. We do not agree.

The legislature has expended a great deal of time and energy in studying the many problems presented by indigent representation and it has enacted sweeping and comprehensive changes in the statutory scheme for providing indigent defense in this state. In doing so, it has amended many conflicting statutory provisions and repealed others. The Uniform Act, which has been the law in this state since 1949, was not changed in any way, however. None of the recent enactments conflict either directly or indirectly with provisions of the Uniform Act and respondent's contentions to the contrary are unconvincing.

Repeals by implication are never favored and all statutory provisions must be given effect. Before a repeal by implication can be found, it is necessary for the two legislative Acts to be inconsistent and irreconcilable to the extent that they cannot stand together. *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 700 P.2d 1011 (Okl.1984); *City of Sand Springs v. Department of Public Welfare*, 608 P.2d 1139 (Okl.1980). We will not reach to find a conflict where none exists, and none exists here.

In this state, as in all fifty states, the Uniform Act is the clear and unambiguous means by which a criminal defendant secures the attendance of material out of state witnesses, and that Act provides for payment of the costs of their attendance to be paid from the court fund where the prosecution is pending.

The District Court's order is contrary to law and constitutes an exercise of judicial power which is unauthorized by law as it deprives petitioner of his statutory and constitutional right to compel attendance of out of state witnesses at his capital murder trial. Petitioner has no adequate remedy at law and will be denied his right to receive a fair trial if relief is not granted. He has a clear legal right to secure the attendance of out of state lay witnesses under the provisions of the Uniform Act and to have the costs of attendance paid by the court fund if those witnesses are certified as material by the court.

Original Jurisdiction is therefore assumed. Let the Writ of Mandamus Issue to the District Judge directing compliance with the provisions of the Uniform Act.

LAVENDER, V.C.J., and HARGRAVE, OPALA, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

HODGES, C.J., dissents.