MAPLES, Appellant,

v.

COLUMBUS ZOOLOGICAL PARK ASSOCIATION et al., Appellees.

[Cite as *Maples v. Columbus Zoological Park Assn.* (1993), 91 Ohio App.3d 133.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–488.

Decided Oct. 12, 1993.

*Twyford & Donahey* and *Leonard C. Elder,* for appellant.

*Gibson & Robbins–Penniman* and *J. Miles Gibson,* for appellees.

DESHLER, Judge.

Plaintiff-appellant, Ricky L. Maples, appeals the judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants.

Plaintiff seeks damages for intentional tort against his employer, the Columbus Zoological Park Association and Riverview Golf Course. The plaintiff, as a laborer, was engaged in removing drywall from a clubhouse on the golf course owned and operated by defendants. Plaintiff claims he was required to do this work without any protective breathing apparatus and that the area that he was required to work in contained a variety of air contaminates including insulation dust and bat feces. Plaintiff, although working on the job in question for only one day, contracted a condition diagnosed as histoplasmosis. There appears to be no issue with respect to plaintiff's incurring of histoplasmosis as a result of his job activity.

■ Plaintiff-appellant has timely appealed the trial court's granting of summary judgment to defendants and raises the following single assignment of error:

"The trial court erred in granting summary judgment in favor of defendant-appellee, when defendant-appellee was not entitled to judgment as a matter of law."

While there have been a number of pronouncements in recent years by the Supreme Court on the subject of intentional tort, there is no dispute that the law applicable to this case involves application of common-law principles. In the recent case of *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, a case wherein the court modified a previous decision involving intentional tort principles, the court stated:

"Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed.1984), in order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." (Citation omitted.) *Id.* at paragraph one of the syllabus.

■ In view of this background, we turn to the issue of whether the trial court's granting of summary judgment was proper. Based upon reasoning hereinafter set forth, we conclude that the trial court erred in granting summary judgment. First, a brief review of the basic requirements of Civ.R. 56 relating to summary judgment reminds us that before summary judgment may be granted, there must be a determination of the following: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment

as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, in viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the nonmoving party. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; *Petrey v. Simon* (1984), 19 Ohio App.3d 285, 287, 19 OBR 456, 458, 484 N.E.2d 257, 259.

■ It is fundamental that the burden to establish these factors is upon the moving party and a court's consideration of summary judgment must be done with caution, whether in the trial court setting or upon review.

In the case *sub judice,* plaintiff submitted deposition testimony from a supervisor of plaintiff confirming the supervisor had been in the same area where plaintiff was required to work and knew the conditions were hazardous and felt that the use of respirators was a necessity. It is undisputed that although plaintiff requested a respirator, such request was refused. These facts are urged by plaintiff to support the basic allegations that his employer was aware of a dangerous condition, and, being aware of such conditions, the employer should have been aware that harm to him as an employee was a substantial certainty.

■ Since there is no issue that defendants required the plaintiff to perform work under conditions known to be hazardous to them, the only issue of critical importance upon summary judgment was the question as to whether a genuine issue of material fact existed as to the employers' appreciation of plaintiff being subjected to a substantial certainty of harm upon carrying out his assigned duties. Appellees argue that plaintiff's claim of intentional tort is fatally defective because there is no proof that anyone knew of bat feces in the work area (the histoplasmosis suffered by plaintiff resulted from exposure to the feces). Additionally, appellees argue there is a failure of proof with respect to whether there would be any knowledge on the part of the employer charging the employer with knowledge of a substantial certainty that upon placing plaintiff in the work environment, he would be injured or suffer an occupational disease. Appellees cite *Ruby v. Ohio Dept. of Natural Resources* (Dec. 3, 1992), Franklin App. No. 92AP–947, unreported, 1992 WL 361817, to support the contention that for liability to attach in the event of intentional tort, the employer's appreciation for the danger to which the employee is subjected must be one of substantial certainty and not mere probability. While this contention is relevant and correct, it does not automatically entitle a defendant to summary judgment if a genuine issue of material fact exists on the very question of the employer's awareness of the certainty of harm to which plaintiff is subjected based upon the facts before the court. A resolution of such facts is the province of a judge or jury on the merits and not by way of summary judgment. The factual context of this case, as postured before the trial court, presented such a genuine issue of fact. Specifi-

cally, the evidence before the court, taken in a light most favorable to plaintiff, the nonmoving party, created by direct and circumstantial evidence genuine issues of fact regarding the employers' knowledge of harmful conditions, the employers' appreciation of prospective harm to the plaintiff from working in such conditions and the employers' action in requiring plaintiff to work under such circumstances. Since these issues of material fact existed as to the basic claim of plaintiff with respect to intentional tort, the trial court erred in granting summary judgment.

Based upon the foregoing, plaintiff's assignment of error is sustained, the judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

TYACK and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.