**1997 OK 90**

**Sahib Lateef AL–MOSAWI, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. 89480.**

Supreme Court of Oklahoma.

June 30, 1997.

As Corrected July 3, 1997.

---

*CORRECTION ORDER*

¶ 1 A motion for appointment of an interpreter at court fund expense was referred to this Court by the Court of Criminal Appeals for a determination of "whether the recent enactment of 22 O.S.Supp.1996, § 1355.4(D) repealed by implication the responsibility of the Court Fund imposed by 20 O.S.Supp. 1996, § 1304(B)(14) to pay the cost of interpreter fees" with regard to an indigent Iraqi national, convicted of first-degree murder and sentenced to death, and who requires an interpreter to assist legal counsel in seeking post-conviction relief.

¶ 2 We answer: the enactment of 22 O.S.Supp.1996, § 1355.4, subd. D did not repeal by implication or otherwise 20 O.S.Supp. 1996, § 1304(B)(14) as to interpreter fees *in general*. The statutory provision for payment of interpreter fees from the Court

**200**

Fund is broad—covering such events as naturalization proceedings, marriage ceremonies, and the interpretation of foreign laws, decrees, and contracts in criminal as well as purely civil proceedings. The purpose of Court Fund is to finance the operation and general administration of the Court, and while the Fund may have a collateral effect on indigent persons and criminal proceedings, the Court Fund is not specifically concerned with indigent persons or with criminal defense.

¶ 3 On the other hand, as we held in *Rivera v. District Court of Comanche County,* 851 P.2d 524, 527 (Okl.1993), the goal of the Indigent Defense Act is to help provide criminal justice in Oklahoma:

> [T]he Indigent Defense Act is specifically limited to the means and method of providing counsel in cases 'in which the defendant is indigent and unable to employ counsel.'

¶ 4 The budget of the Indigent Defense System provides for comprehensive solutions and aid to an attorney appointed under the Indigent Defense Act, to defend an accused who is indigent, such as making available "investigative, expert, or other services." 22 O.S.1996, § 1355.4(D, E).

¶ 5 We hold that the services of an interpreter to aid an indigent in post conviction relief proceedings comes under the category of an "expert" or "other services" as provided in the Indigent Defense Act which requires the fees for the interpreter to be paid by the Indigent Defense System.

KAUGER, C.J., SUMMERS, V.C.J., and HODGES SIMMS, HARGRAVE, ALMA WILSON and WATT, JJ., concur.

LAVENDER and OPALA, JJ., concur in result.