2001 OK 33

**Whitney DAVIS, a Minor, and Tiffany Davis, a Minor, by and through their Mother and Next Friend, Brenda Davis, Plaintiffs/Appellants,**

v.

**CMS CONTINENTAL NATURAL GAS, INC., Defendant/Appellee.**

No. 94,787.

Supreme Court of Oklahoma.

April 17, 2001.

As Corrected May 7, 2001.

David L. Thomas, Oklahoma City, OK, for Plaintiffs/Appellants.

Angela K. Jones, F. Thomas Cordell, Jr., Chickasha, OK, for Defendant/Appellee.

KAUGER, J.:

¶ 1 We retained this cause to consider whether the exclusivity provision, 85 O.S. 1991 § 12,[1] of the Workers Compensation

1. Title 85 O.S.1991 § 12 provides in pertinent part:

"The liability prescribed in Section 11 of this title shall be exclusive and in place of all other

Act, 85 O.S.1991 § 1, *et seq.*, precludes the plaintiffs/appellants, Whitney and Tiffany Davis through their mother, Brenda Davis [collectively, Davis], from recovering tort damages pursuant to 40 O.S.1991 § 178.[2] We determine that 40 O.S.1991 § 178 retains viability as it relates to occupations exempted from the Workers' Compensation Act. Nevertheless, under the undisputed facts presented, we hold that the employee's recovery is limited to that provided under the Workers' Compensation Act.

## UNDISPUTED FACTS

¶2 On June 18, 1997, Thomas Davis [father/employee] was killed in a work related accident while on the premises of the defendant/appellee, CMS Continental Natural Gas, Inc. [Continental Gas/employer]. The employee died instantly when a blow-down valve assembly, attached to a natural gas compressor package, blew apart.

¶3 Davis filed suit on September 23, 1999, seeking recovery pursuant to 40 O.S. 1991 § 178. Although the petition contains allegations of the employer's negligence and wilful and wanton actions evincing a reckless disregard for the employee's safety, Davis concedes that it lacks evidence of the employ-

er's wilful and wanton conduct.[3] Admissions in the brief may be regarded as a supplement to the appellate record. *Oklahoma City Urban Renewal Auth. v. Medical Technology & Research Auth. of Oklahoma,* 2000 OK 23, ¶14, 4 P.3d 677; *Wright v. Grove Sun Newspaper, Inc.,* 1994 OK 37, ¶2, 873 P.2d 983; *Kwikset/Emhart v. Mayberry,* 1990 OK 112, ¶3, 800 P.2d 239. Relying on the exclusivity provision, 85 O.S.1991 § 12, of the Workers' Compensation Act, 85 O.S.1991 § 1, *et seq.,* Continental Gas filed a motion for summary judgment which was sustained by the trial court, Honorable Carolyn Ricks, on February 24, 2000. We retained the cause on July 5, 2000.

### I.

¶4 **TITLE 40 O.S.1991 § 178 REMAINS APPLICABLE IN THE WORKERS' COMPENSATION ARENA TO THOSE OCCUPATIONS EXEMPTED FROM THE WORKERS' COMPENSATION ACT.**

¶5 Continental Gas asserts that 40 O.S.1991 § 178 was implicitly repealed in 1915 with the enactment of the Workers' Compensation Act. We disagree.[4]

---

liability of the employer and any of his employees, any architect, professional engineer, or land surveyor retained to perform professional services on a construction project, at common law or otherwise, for such injury, loss of services, or death, to the employee, or the spouse, personal representative, parents or dependent of the employee, or any other person ..."

2. Title 40 O.S.1991 § 178 provides:
"An employer shall be responsible in damages for personal injury caused to an employee, who, was himself in the exercise of due care and diligence at the time he was injured, by reason of any defect in the condition of the machinery or appliances connected with or used in the business of the employer which arose, or had not been discovered or remedied owing to the negligence of the employer, or of any person entrusted by him with the duty of inspection, repair, or of seeing that the machinery or appliances were in proper condition."

3. Davis' response to Continental Gas' motion for summary judgment and combined brief provides on p. 11, footnote 2:
"The Plaintiffs confess Proposition IV of the Defendant's Motion for Summary Judgement

and concede that they cannot establish the elements of 'willful and wanton' exception to the Worker's [sic] Compensation Act."

4. Title 40 O.S.1991 § 178, see note 2, supra, was originally enacted in 1910 and remains unchanged since its adoption. At the time of its enactment, an employee's contributory negligence would have barred recovery. *Smith v. Jenkins,* 1994 OK 43, ¶9, 873 P.2d 1044. Under our present statutory comparative negligence scheme, an employee, to whom § 178 applies, and who is not more than fifty percent negligent, may recover a percentage of damages sustained. Title 23 O.S.1991 § 13 provides:

"In all actions hereafter brought, whether arising before or after the effective date of this act, for negligence resulting in personal injuries or wrongful death, or injury to property, contributory negligence shall not bar a recovery, unless any negligence of the person so injured, damaged or killed, is of greater degree than any negligence of the person, firm or corporation causing such damage, or unless any negligence of the person so injured, damaged or killed, is of greater degree than the combined negligence of any persons, firms or corporations causing damage."

¶ 6 Under 40 O.S.1991 § 178, an employee injured in the workplace and exercising due care and diligence, may sue an employer for negligence based on defective machinery or appliances. Section 178 has been considered in eight[5] cases since the passage of the original workers' compensation regime. In none of those cases did the Court reach the issue of repeal by implication. However, in *Roberts v. Barclay*, 1962 OK 38, ¶ 20, 369 P.2d 808, the Court refused to allow an employee injured through negligence to maintain a cause of action against his employer under § 178. The *Roberts* Court relied on an Illinois case indicating that the enactment of Illinois' respective Workers' Compensation Act had "amended" a similar statutory provision.

¶ 7 Implicit in the *Roberts* holding is a determination that, although inapplicable to the facts presented in the cause, § 178 retained legal viability. Nevertheless, *Roberts* also stands for the proposition that, in the workers' compensation arena, an employee may not utilize 40 O.S.1991 § 178 as grounds for recovery if the employers' actions are negligent.

■ ¶ 8 There are a number of occupations excluded from workers' compensation coverage.[6] Repeal by implication is not favored and all statutory provisions must be given effect unless an irreconcilable conflict

exists.[7] Therefore, we determine that although 40 O.S.1991 § 178 is inapplicable to those professions falling within the confines of the Workers' Compensation Act where an employee's injury is accidental, the statute retains viability in relation to those occupations exempted from workers' compensation coverage.

## II.

¶ 9 THE IMMUNITY AFFORDED EMPLOYERS UNDER 85 O.S.1991 § 12 EXTENDS TO ACCIDENTAL PERSONAL INJURY OR DEATH ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT. THE EMPLOYEE'S CONCESSION THAT THERE IS NO EVIDENCE OF THE EMPLOYER'S WILFUL AND WANTON CONDUCT PRECLUDES RECOVERY IN TORT.

■ ¶ 10 Davis argues that tort recovery is available pursuant to 40 O.S.1991 § 178 because the blow-down value which caused the employee's injury was defectively designed. Continental Gas asserts that the tort action is barred by the exclusivity provision, 85 O.S.1991 § 12, of the Workers' Compensation Act. Under the facts presented, we agree that the tort action is barred.

Title 23 O.S.1991 § 14 provides:
"Where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such person's contributory negligence."

5. *Myers v. Luttrell*, 1961 OK 248, 373 P.2d 22; *King's Van & Storage Co. v. Criner*, 1956 OK 236, 301 P.2d 1015; *Connelly v. Jennings*, 1952 OK 61, 252 P.2d 133, *cert. denied* 345 U.S. 921, 73 S.Ct. 778, 97 L.Ed. 1353 (1953); *Casualty Reciprocal Exchange v. Sutfin*, 1945 OK 302, 166 P.2d 434; *Evlo Refining & Marketing Co. v. Moore*, 1943 OK 156, 137 P.2d 911; *Buxton v. Hicks*, 1942 OK 411, 131 P.2d 1015; *McDuff v. McFarlin*, 1939 OK 396, 95 P.2d 636; *Oklahoma Gas & Elec. Co. v. Oliphant*, 1935 OK ——, 172 Okla. 635, 45 P.2d 1077.

6. See, 85 O.S.1991 § 2.1 [Covering domestic servants; federal employees or employees with other work-related coverages; agricultural and horticultural employees working for employers with

limited annual payrolls.]; 85 O.S.1991 § 2.2 [Addressing agricultural employees not engaged in the operation of motorized vehicles.]; 85 O.S. 1991 §§ 2.3 and 2.4 [Relating to persons providing services in medical care or social services programs.]; 85 O.S. Supp.1997 § 2.6 [Referring to employers of family members.]; 85 O.S. Supp. 1998 § 2.7 [Concerning youth sports league employers.]. Just as the employee's concession makes it unnecessary for this Court to reach to the issue of whether an employer may act with substantial certainty as to allow an employee to pursue a tort action, it also excuses us from considering whether, under similar circumstances, 40 O.S.1991 § 178, see note 2, supra, setting a negligence standard for an employee's recovery of damages for injury associated with the maintenance of machinery or appliances, might serve as a basis for recovery in tort.

7. *Redding v. State*, 1994 OK 102, ¶ 20, 882 P.2d 61; *Rivera v. District Court of Comanche County*, 1993 OK 63, ¶ 19, 851 P.2d 524; *City of Tulsa v. Smittle*, 1985 OK 37, ¶ 14, 702 P.2d 367.

¶ 11 Section 11 [8] of the Workers' Compensation Act makes employers liable for scheduled compensation for the disability or death of an employee resulting from an "accidental personal injury." As defined, "injury or personal injury" means "only accidental injuries." [9] The exclusivity provision, 85 O.S. 1991 § 12, provides that the liability prescribed in § 11—liability for accidental injury—shall be exclusive and in place of all other employer liability.

¶ 12 The statutory language makes it clear [10] that the Legislature intended that accidental injuries should fall within the confines of the Workers' Compensation Act and that an employer's liability for these injuries would be exclusive under 85 O.S.1991 § 12.

¶ 13 Nevertheless, we note that a large number of courts have determined that their respective workers' compensation regimes will not bar an employee's claim for injuries arising from an employer's deliberate, wilful or intentional acts.[11] In jurisdictions where

8. Title 85 O.S. Supp.1997 § 11 provides in pertinent part:

"A. Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of an employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury ..."

Section 11 has been amended since the date of injury. Nevertheless, because the quoted language is identical to that of the 1996 statute, references are to the current version.

9. Title 85 O.S.1991 § 3 provides in pertinent part:

"As used in the Workers' Compensation Act:
... (7) 'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infections as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined. Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment...."

10. In determining whether a statute applies to a given set of facts, we focus on legislative intent [*Cooper v. State ex rel. Dept. of Public Safety*, 1996 OK 49, ¶ 10, 917 P.2d 466] which controls statutory interpretation. *Smicklas v. Spitz*, 1992 OK 145, ¶ 8, 846 P.2d 362; *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693; *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449. It is presumed that the Legislature has expressed its intent in a statute and that it intended what it so expressed. *Fuller v. Odom*, supra; *Darnell v. Chrysler Corp.*, 1984 OK 57, ¶ 5, 687 P.2d 132; *Independent School Dist. No. 89 v. Oklahoma City Fed'n of Teachers*, 1980 OK 89, ¶ 11, 612 P.2d 719, 723. Only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed. *State ex rel. Dept. of Human Serv. v. Colclazier*, 1997 OK 134, ¶ 9, 950

P.2d 824; *Matter of Estate of Flowers*, 1993 OK 19, ¶ 11, 848 P.2d 1146.

11. *Reeser v. Crowley Towing & Trans. Co., Inc.*, 937 F.Supp. 144, 148–49 (D.Puerto Rico 1996) [Applying Puerto Rico Law, court held that "intentional tort" statutory exception would not support award for employee even where employer failed to correct defective door which caused injury.]; *Gray v. Morley*, 460 Mich. 738, 596 N.W.2d 922, 922–23 (1999), *reh'g denied*, 461 Mich. 1205, 602 N.W.2d 576 (1999) [Employer's erratic driving was insufficient to establish statutory intent requirement where there was no evidence that the employer intended for the employee to be injured in the accident.]; *McBee v. United States Silica Co.*, 205 W.Va. 211, 517 S.E.2d 308, 312 (1999) [Employee falling through opening could not establish employer's deliberate intent to injure by showing there had been a similar fall two weeks earlier. There was no "deliberate intent" to injure because of a lack of evidence of the employer's knowledge of the actual hazard.]; *Folsom v. Burger King*, 135 Wash.2d 658, 958 P.2d 301, 305–06 (1998) [Statute requiring deliberate intention to injure would not support tort action even where employer knew of the specific danger and allowed the employee to be exposed to the hazard.]; *Suarez v. Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838, 850 (1997) [Common law liability of employer cannot be stretched to include accidental injuries caused by gross, wanton, wilful, or malicious negligence, breach of statute or other misconduct of employer short of conscious and deliberate intent to injure. Orders to clean hot plastic without protective equipment and while machines were operating was insufficient to constitute intentional tort.]; *Zimmerman v. Valdak Corp.*, 1997 ND 203, 570 N.W.2d 204 (1997) [Language of statute excluding "willful" acts only allowed for tort recovery for true intentional torts, i.e. if the employer intended to injure or had knowledge that an injury was certain to occur. Known violations of OSHA standards was insufficient to satisfy tort standard.]; *Peaster v. David New Drilling Co., Inc.*, 642 So.2d 344, 349 (Miss.1994) [Employer's knowledge of unsafe brakes insufficient to find an exception to the statutory intent requirement of actual intent to injure employee.]; *Harn v. Continental Lumber*

Co., 506 N.W.2d 91, 94 (S.D.1993) [Under "intentional tort" exception of statute, an employee may bring suit against their employer at common law when an ordinary, reasonable, prudent person would believe an injury was substantially certain to occur by demonstrating actual intent or a substantial certainty of injury.]; *Peay v. United States Silica Co.*, 313 S.C. 91, 437 S.E.2d 64, 66 (1993) [Employer's knowledge of dangerous fumes insufficient to meet intent to injure standard requiring that the employer have a specific intent to injure.]; *Chung v. Fred Meyer, Inc.*, 276 Or. 809, 556 P.2d 683, 685 (1976) [Removal of deadman switch from pie cutting machine resulting in employee's injury was not "deliberate intention" to injure within meaning of statute.]; *McGovern v. Resorts International Hotel, Inc.*, 306 N.J.Super. 174, 703 A.2d 364, 367 (1997) [Even where employer knows of the risk, employee must show deliberate intent to injure.]; Annot., "What Conduct is Willful, Intentional, or Deliberate Within Workmen's Compensation Act Provision Authorizing Tort Action for Such Conduct," 96 A.L.R.3rd 1064 (1979). See also, *Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1327 (5th Cir.1996) [Applying Louisiana Law, knowledge of dangerous condition insufficient to establish "intent to injure" sufficient to avoid workers' compensation bar. Intentional tort exception applicable only when employer consciously desires to injure or believes results are substantially certain to occur.]; *Chinnery v. Government of the Virgin Islands*, 865 F.2d 68, 71 (3rd Cir.1989) [Applying law of Virgin Islands, hiring of employee with aggressive tendencies not so egregious as to exceed bounds of negligence and constitute intentional wrongdoing.]; *DePiano v. Montreal Baseball Club, Ltd.*, 663 F.Supp. 116, 116–17 (W.D.Pa.1987), *aff'd*, 838 F.2d 1205 (3rd Cir.1988) [Applying Pennsylvania law, Allegations that coach required injured player to stay in game aggravating injuries was insufficient to show that employer intended to injure the employee.]; *Shamrock Coal Co., Inc. v. Maricle*, 5 S.W.3d 130, 134 (Ky.1999) [Only exception to exclusivity of workers' compensation provided by statute: "willful and unprovoked physical aggression."]; *Williams v. Mammoth of Alaska, Inc.*, 890 P.2d 581, 584 (Alaska 1995) [Employer's violation of government safety regulations, even if wilful and knowing, does not rise to level of intentional tort.]; *Kearney v. Denker*, 114 Idaho 755, 760 P.2d 1171, 1173 (1988) [Failure to install safety devices insufficient to support tort action where statute provided only for exception involving wilful or unprovoked physical and offensive or hostile attack.]; *Gildersleeve v. Newton Steel Co.*, 109 Ohio St. 341, 142 N.E. 678, 680 (1924) [Gross negligence of employer would not support tort action where statute defined "wilful act" as act done knowingly and purposely with the object of injuring another.]; *Diaz v. Magma Copper Co.*, 190 Ariz. 544, 950 P.2d 1165, 1171 (1997) [In excluding medical rescue personnel, employer did not act with deliberate intent and such intent could not be inferred from gross negligence.]; *Snyder v. Speciality Glass Products,*

*Inc.*, 441 Pa.Super. 613, 658 A.2d 366 (1995) [Statutory exception for "intentional wrong" not normally expected to occur in workplace would not support tort action based on supervisor's chastisement of employee for late arrival at the workplace.]; *Hanson v. Schaumberg*, 490 N.W.2d 84, 87 (Ct.App.Iowa 1992) [Although employer required employee to work in intense heat, employer did not intentionally injure employee where employer took measures to help avoid heat stroke.]. Even in the presence of statutory language referring to the employer's deliberate or intentional intent to injure, several courts have imposed tort liability under facts where the employer had no actual malice. *Gulden v. Crown Zellerbach Corp.*, 890 F.2d 195–96 (9th Cir.1989) [Even strict interpretation of Oregon workers' compensation statute would not bar a tort action against an employer where there was evidence that the employer exposed the employee to dangerous chemicals in the face of warnings of hazards and the hiring of temporary employees unfamiliar with the work. The facts, if proven, were sufficient to support an inference of deliberate intent to injure the employees.]; *Sherner v. Conoco, Inc.*, 298 Mont. 401, 995 P.2d 990, 997–98 (2000) [Intentional act or omission provisions of exclusion to workers' compensation act related to situations: where the employer has knowledge of facts or intentionally disregards facts that create a high probability of injury; deliberately proceeds to act in conscious or intentional disregard of high probability of injury or deliberately proceeds to act with indifference to high probability of injury.]; *Travis v. Dreis & Krump Manufacturing Co.*, 453 Mich. 149, 551 N.W.2d 132, 148 (1996), *reh'g denied*, 453 Mich. 1205, 554 N.W.2d 11 (1996) [Statute providing that employer must have "deliberate intent" to injure employee established high standard of showing intentional tort. Employee demonstrating that he was twice exposed to explosion after employer had been notified of one incident demonstrated facts sufficient to create a question of fact for jury on "intent."]; *Kilminster v. Day Mgt. Corp.*, 323 Or. 618, 919 P.2d 474, 481 (1996) [Allegations that employer knew someone would be injured from a fall, that the employer decided to forego safety procedures thereby increasing the risk of injury and that the employee was ordered to perform the task or lose his job sufficient to show "intent" necessary for tort action independent of workers' compensation statute. Allegations constituted more than gross negligence, carelessness, recklessness or conscious indifference to a substantial risk of injury.]; *Birklid v. Boeing Co.*, 127 Wash.2d 853, 904 P.2d 278, 285 (1995) [Knowing exposure of employees to toxic chemicals sufficient to establish that employer had knowledge that injury was certain to occur and wilfully disregarded that knowledge.]; *Weis v. Allen*, 147 Or. 670, 35 P.2d 478, 483 (1934) [Although the court noted that "deliberate intention" implies that the employer must have determined to injure the employee, employer should have known that setting of a spring gun was likely to cause injury and no showing of intent to

the statutory language is similar to Oklahoma's, there is a split of authority on what conduct will support a tort action against an employer for intentional conduct. Some courts limit recovery to the so called "true intentional torts"—situations where the employer intended the act and intended the injury.[12] Under this standard an employer is deemed to have intended an injury if the employer had knowledge an incident was cer-

tain to occur and wilfully disregarded that knowledge.[13]

■ ¶ 14 Other jurisdictions rely on a "substantial certainty test" and determine that if the employer intended the act that caused the injury or knew the injury was substantially certain to occur from the act, the employer has committed an intentional tort.[14] Under the "substantial certainty"

injure particular employee was required.]; *Haddock v. Multivac, Inc.*, 703 So.2d 969, 971–72 (Ala. Civ.App.1996), *cert. denied*, 703 So.2d 973 (Ala. 1997) [Evidence presented by employee of removal of safety guard sufficient to raise a question of fact as to whether employer acted wilfully and intentionally and knew that act could result in injury.]; *Cook v. Cleveland Elec. Illuminating Co.*, 102 Ohio App.3d 417, 657 N.E.2d 356, 363 (1995), *review denied*, 73 Ohio St.3d 1414, 651 N.E.2d 1311 (1995) [Although exception required that employee show employer had knowledge of a substantial certainty of injury, questions of fact remained for resolution regarding the employer's understanding of the dangerous conditions presented.]; *Quick v. Myers Welding & Fabricating, Inc.*, 649 So.2d 999, 1001 (La.App.1994), *cert. denied*, 653 So.2d 598 (La.1995) [Question of fact existed precluding summary judgment where evidence presented indicated that any welder should have known that introduction of oxygen would have caused explosion.]; *Maples v. Columbus Zoological Park Ass'n*, 91 Ohio App.3d 133, 631 N.E.2d 1105, 1107 (1993) [Summary judgment was inappropriate where disputed issues of fact existed concerning the employer's knowledge of harmful exposure, employer's appreciation of the risk, and employer's requiring employee to work without protective clothing.]; *Wainwright v. Moreno's, Inc.*, 602 So.2d 734, 738 (La. App.1992) [Ordering worker into ditch where there had been prior cave-ins was sufficient to show intent to injure taking case out of workers' compensation exclusive coverage.]; *Lusk v. Monaco Motor Homes, Inc.*, 97 Or.App. 182, 775 P.2d 891, 894 (1989) [Jury could infer from fact that employer failed to provide proper safety equipment to worker exposed to toxic fumes despite warnings and complaints that intent to injure was "deliberate."]. But see, *Cerka v. Salt Lake County*, 988 F.Supp. 1420, 1422 (D.Utah 1997), *aff'd* 172 F.3d 878 (10th Cir.1999) [Applying Utah law, assertion that employee was required to work in known dangerous conditions insufficient to demonstrate employer's deliberate intent to injury.]; *Mize v. Conagra, Inc.*, 734 S.W.2d 334–35 (Tenn.App.1987) [Violation of safety regulations was insufficient to show employer's actual intent to injure.].

12. *Russell v. PPG Industries, Inc.*, 953 F.2d 326, 333 (7th Cir.1992) [Applying Illinois law, fact that employer knew there was a substantial likelihood that employee would be injured working in furnace was insufficient to allow tort recovery

for lack of intent to injure.]; *Merritt v. Shuttle, Inc.*, 13 F.Supp.2d 371, 386 (E.D.N.Y.1998) [Workers' compensation statute covering negligent acts could not be circumvented absent allegations of deliberate intent to injure.]; *King v. Consolidated Freightways Corp. of Delaware*, 763 F.Supp. 1014–15 (W.D.Ark.1991) [Applying Arkansas law, where compensation act covered "accidental" injuries, tort action would lie only where there was a showing of actual, specific and deliberate intent by employer to injure employee.]; *McGreevy v. Racal–Dana Instruments, Inc.*, 690 F.Supp. 468, 472 (E.D.Va.1988) [Applying Virginia law, intentional intent to induce emotional distress outside parameters of "accident" within workers' compensation statute. Stringent standard of specific intent necessary to circumvent the statute.]; *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1274 (Ind.1994) [Use of term "accidental injury" within statute necessarily excludes intentional torts. Nevertheless, nothing short of deliberate intent to inflict an injury or actual knowledge that an injury is certain to occur, will take employer outside workers' compensation statute.].

13. *Zimmerman v. Valdak Corp.*, see note 11 at ¶ 21, supra.

14. *McKay v. Town & Country Cadillac, Inc.*, 991 F.Supp. 966, 971 (N.D.Ill.1997) [Applying Illinois law, allegations of intentional infliction of emotional distress sufficient to withstand motion to dismiss.]; *Treadwell v. Dow–United Technologies*, 970 F.Supp. 974, 985 (M.D.Ala.1997) [Recognizing that Alabama did not intend to shield employers from the entire field of tort law, the federal court found that a cause of action for intentional fraud could be shown with a heightened standard of proof. Plaintiff was required to demonstrate that the employer intentionally or recklessly made a false representation relied on by the employee causing damage as a proximate cause.]; *Turner v. PCR, Inc.*, 754 So.2d 683, 688 (Fla.2000) [If a circumstance is substantially certain to produce injury or death, it cannot be considered "accidental" within the meaning of the workers' compensation scheme.]; *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222, 226 (1991) [Material questions of fact existed as to whether employer knew of inherently dangerous nature of trenching operation. Intentionally engaging in misconduct knowing it is substantially

standard, intent is not limited to desired consequences. It is broader than a hope or purpose to bring about physical results. Rather, if the actor knows that the consequences are certain, or substantially certain to occur, intent is inferred.[15] Nevertheless, establishing that an employer has acted in a manner resulting in an employee's injuries being substantially certain presents a formidable barrier to recovery in tort. Employer negligence is insufficient for a finding of substantial certainty required to strip the employer from the exclusive remedies offered by the Workers' Compensation Act. At the very least, the employee must establish an employer's intentional conduct engaged in with the knowledge that the employee's serious injury or death is a substantial certainty.[16]

¶ 15 Although Davis' petition filed in the trial court contains allegations of the employer's negligence and wilful and wanton actions evincing a reckless disregard for the employee's safety, Davis conceded in the response to the motion for summary judgment that there is no evidence of the employer's wilful and wanton conduct.[17] Further, his allegations concerning the defective design and installation of the blow-down valve are premised on the employer's negligence.[18] Therefore, we need not determine whether an employer

certain to cause injury or death supports allowance of a civil action against the employer in tort.]; *Speck v. Union Elec. Co.*, 741 S.W.2d 280, 282 (Mo.Ct.App.1987) [Allegations that employer knowingly allowed exposure to asbestos sufficient to support "nonaccidental" allegation of injury. When employer acts intentionally and is substantially certain that injury to an employee will result, the employer has specific intent to injure.].

15. *Woodson v. Rowland*, see note 14, supra [Despite exclusivity provision of workers' compensation act, conduct threatening safety of another that is substantially certain to cause injury will support tort action. Substantial certainty is more than a mere possibility or substantial probability of injury but is something less than actual certainty.]; *Bazley v. Tortorich*, 397 So.2d 475, 481 (La.1981) [Intent is not limited to consequences desired. If the actor knows consequences are substantially certain and continues to act, it is treated as desire to produce the result.]; *Schmidt v. Pursell*, 47 Cal.App. 440, 190 P. 846 (1920) [Although employer was excused from liability in absence of having received actual notification of safety regulation, the court recognized that tort liability would be imposed in situations were the employer wilfully disregarded something contributing to an injury, having actual knowledge of the perils or having what in law is equivalent to actual knowledge.]. See also, *Roy v. Bethlehem Steel Corp.*, 838 F.Supp. 312, 316 (E.D.Tex.1993) [Applying Texas law, recovery of exemplary damages against employer allowed where there is a showing of wilfulness or neglect.]; *Conley v. Brown Corp. of Waverly, Inc.*, 82 Ohio St.3d 470, 696 N.E.2d 1035, 1042 (1998) [Without determining whether the employer had committed an intentional tort, the court allowed the employee to proceed based on allegations of intentional injury arising from the malfunction of a machine press.]; *Ross v. Maumee City Schools*, 103 Ohio App.3d 58, 658 N.E.2d 800, 805 (1995), *appeal denied*, 74 Ohio St.3d 1408, 655 N.E.2d 187 (1995) [Allegations that a school district allowed an employee to continue work with child

who inflicted injury were sufficient to raise a question of fact as to whether the employer caused injury by compelling the employee to work under dangerous conditions knowing that injury was substantially certain to occur.]; *Richie v. Rogers Cartage Co.*, 89 Ohio App.3d 638, 626 N.E.2d 1012, 1016 (1993) [Evidence that a safety manual had been issued but was not followed and that different procedures were followed at other company locations were sufficient to withstand summary judgment under the standard that an employer should realize that danger was evident and that injury was substantially certain to occur.]; *Arroyo v. Scottie's Professional Window Cleaning, Inc.*, 120 N.C.App. 154, 461 S.E.2d 13, 16 (1995), *cert. denied*, 343 N.C. 118, 468 S.E.2d 58 (1996) [Where employer was aware that safe methods were not being practiced and where employee's feared failing to follow instructions would result in loss of job, cause of action was stated for intentional tort.]; *Jim Walter Homes, Inc. v. Roberts*, 196 Ga.App. 618, 396 S.E.2d 787, 789 (1990) [Allegations that the employers, through the wilful, wanton and reckless disregard of the rights and welfare of the employee denied benefits, was sufficient to support an allegation of intentional physical injury.].

16. *Woodson v. Rowland*, see note 14, supra; *Pastva v. Naegele Outdoor Advertising, Inc.*, 121 N.C.App. 656, 468 S.E.2d 491, 493 (1996).

17. See note 3, supra.

18. The petition, filed on September 23, 1999, provides in pertinent part:

"... 6. The natural gas compressor (Unit No. 10) was defective in both its design, installation, and by reason of failure to warn, due to the direct negligence of Continental....

8. The death of plaintiffs' decedent, Thomas A. Davis, was a direct and proximate result of the negligence and breach of statutory duty of Continental...."

may act with such reckless disregard [19] of the known facts as to be subject to tort liability independent of the Workers' Compensation Act.[20] In this case, we hold that nothing is presented which would allow, under any standard, the employee's recovery outside that provided under the Workers' Compensation Act.

## CONCLUSION

¶ 16 The immunity afforded employers under 85 O.S.1991 § 12 [21] extends to accidental personal injury or death arising out of and in the course of employment. Davis concedes that he cannot establish that his injuries resulted from the employer's wilful and wanton conduct. Viewing the evidence in the light most favorable to the employee,[22] we determine that summary judgment was proper.

## AFFIRMED.

¶ 17 WATT, V.C.J., LAVENDER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 18 HARGRAVE, C.J., HODGES, OPALA, JJ., concurring in judgment.

---

19. See, *Graham v. Keuchel*, 1993 OK 6, ¶ 49, 847 P.2d 342 providing in pertinent part:

   "... The *intent* in *willful and wanton misconduct is not an intent to cause injury;* it is an *intent to do an act*—or failure to do an act—in reckless disregard of the consequences and *under such circumstances that a reasonable man would know* or have reason to know, *that such conduct would be likely to result in substantial harm to another....*" [Footnotes omitted; emphasis in original.]

20. We note that an order issued in a cause presenting similar issues, *Harrington v. Certified Sys-*

*tems, Inc.*, 2001 OK CIV AP 53, ⸺ P.3d ⸺, 2000 WL 33313236, on March 29, 2001 in which certiorari was recalled as improvidently granted and certiorari was denied. Court of Civil Appeals' opinions not ordered for publication by this Court are persuasive only and have no precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1.

21. Title 85 O.S.1991 § 12, see note 1, supra.

22. *Minie v. Hudson*, 1997 OK 26, ¶ 13, 934 P.2d 1082; *Ross v. City of Shawnee*, 1984 OK 43, ¶ 7, 683 P.2d 535.